## Fitzgerald, Appellant, *v.* Sherwood, et al.

*Negligence—Control of building—Res ipsa loquitur—Nonsuit.*

1. Persons who are in control of a building have a duty of keeping it and its attachments in such condition as to prevent probable injury to anyone lawfully upon the street.

2. In an action to recover damages for personal injuries it was held that the case was for the jury where it appeared that the defendants, while in control of a building, allowed loose boards to remain upon the floor of an outside fire escape so that they were blown into the street injuring the plaintiff.

Argued January 6, 1913. Appeal, No. 135, Jan. T., 1912, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1908, No. 2068, refusing to take off nonsuit in case of Daniel J. Fitzgerald v. George Sherwood, William Sherwood, Albert Sherwood, Horace Sherwood and Franklin Long, trading as Schrack and Sherwood. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before STAPLES, J., specially presiding.

The lower court entered a nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was the order of the court refusing to take off the nonsuit.

*Myles Higgins,* for appellant.—There was affirmative proof of negligence: Shafer v. Lacock, 168 Pa. 497; Fisher v. Ruch, 12 Pa. Superior Ct. 240; Matthews v. R. R. Co., 18 Pa. Superior Ct. 10; Ahearn v. Melvin, 21 Pa. Superior Ct. 462.

*R. Stuart Smith,* with him *Harris S. Sparhawk,* for appellees.—The testimony does not warrant an inference of negligence: Bauman v. Best Mfg. Co., 234 Pa. 416.

The doctrine of res ipsa loquitur does not apply: Stearns v. Ontario Spinning Co., 184 Pa. 519; Lanning v. Pittsburg Railways Co., 229 Pa. 575.

OPINION BY MR. JUSTICE POTTER, February 24, 1913:

This is an appeal from the action of the court below, refusing to take off a judgment of compulsory nonsuit. The defendants were charged with negligence in placing loose boards upon the floor of a fire escape attached to the outside of the building in which they carried on business, and in permitting the boards to lie unsecured until one of them was blown off by the wind, and fell upon the plaintiff who was lawfully upon the street below. Upon the trial it was shown that on October 8, 1907, the plaintiff who was a teamster, was engaged in loading a wagon upon the street at the rear of the building occupied by the defendants. While so occupied, he was struck and injured by a loose board which fell upon him from the floor of a fire escape, located at the fourth floor of the building. There was evidence to show that it was storming at the time, there being both wind and rain. It appeared that the fire escape was to some extent used as a platform or stairway, and that the floor had been out of order for some weeks, and loose boards had been laid down to walk upon. The fair inference from the testimony was, that at the time of the acci-

dent one of these loose boards was picked up by the wind, and cast upon the plaintiff who was at work in the street below. The defendants were in control of the building, and the duty rested upon them of keeping it and its attachments, including the fire escape, in such a condition as to prevent probable injury to anyone lawfully upon the street. If they deposited loose material upon the floor of the fire escape, in such a way as to make it probable that winds or storms incident to this region might blow the material off, endangering persons upon the street, such conduct could fairly be regarded as negligence. The evidence tends to show that defendants did deposit boards unsecured in a place from which they were blown into the street. Would persons exercising ordinary prudence and forethought have done so? Certainly the court could not, as a matter of law, say that they would. It is common experience that loose boards in an elevated and exposed spot are apt to be disturbed by high winds. We regard the evidence in this case as ample to sustain an inference of negligence upon the part of defendants. That being so, it is for them to overcome such an inference, if they can do so. The question involved is one of fact for the determination of the jury, and not one of law for the court.

The assignment of error is sustained, and the judgment is reversed with a procedendo.