## Pennington, Appellant, *v.* Klemanski.

*Negligence—Owners of real estate—Fall of chimney crock on pedestrian—Tenant—Nonsuit.*

Where a chimney crock falls from a building and kills a passing pedestrian, the owner of the building is not liable, where it appears that the crock was allowed to fall by painters employed by a tenant in exclusive possession of the building, and there is no evidence of a defective condition of the crocks of which the owner knew or should have known.

Argued October 12, 1923. Appeal, No. 132, Oct. T., 1923, by plaintiff, from order of C. P. Allegheny Co., Jan. T., 1922, No. 1133, refusing to take off nonsuit, in case of Elizabeth Pennington v. Jacob Klemanski. Before MOSCHZISKER, C. J., FRAZER, WALLING, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before SWEARINGEN, J.
The opinion of the Supreme Court states the facts.
Nonsuit. Refusal to take off. Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting record.

*Geo. J. Campbell*, with him *Raymond D. Evans*, for appellant, cited: Murray v. Frick, 277 Pa. 190.

*Paul J. Friday,* with him *Thomas W. Neely,* for appellee, cited: Joyce v. Black, 226 Pa. 408; Nichol v. Telephone Co., 266 Pa. 463; Lindstrom v. Penna. Co., 212 Pa. 391; Eisenbrey v. Penna. Co., 141 Pa. 566; Mills v. Brandes, 235 Pa. 219.

PER CURIAM, January 7, 1924:

This is an appeal from the refusal to take off a compulsory nonsuit. Plaintiff sued the owner of a dwelling in Pittsburgh to recover for fatal injuries received by her husband on June 29, 1921, when, as a passing pedestrian, he was struck by a chimney crock which fell from the roof of defendant's building. The premises in question were, at the time, in the exclusive occupancy and possession of defendant's daughter, Anna Swartz, who had contracted with her two brothers to paint the house; in the performance of that agreement, while endeavoring to remove several crocks, the painters permitted one to fall, striking plaintiff's husband, who died August 2, 1921.

Appellant maintains the present case is ruled in her favor by our decision in Murray v. Frick et al., 277 Pa. 190; but this is not so. In the Murray Case there was evidence that the screen which fell had shortly before been taken out and improperly replaced by the servants of the owner of the building; here there is no evidence of a defective condition of the crocks of which defendant knew or should have known, and negligence of the workmen could not be imputed to him, for they were employed by the tenant, or occupant, and not by the owner. In the absence of evidence of defendant's negligence, the nonsuit was not only warranted but required: Joyce v. Black, 226 Pa. 408, 412; Murray v. Frick, supra.

The judgment is affirmed.