## Zeher, Appellant, *v.* Pittsburgh.

*Negligence—Municipalities — Bridges — Fall of iron beam on passing truck—Res ipsa loquitur—Circumstantial evidence—Proximate cause—Guessing.*

1. A municipality does not insure the personal safety of those who use its highways.

2. No damages can be recovered from a municipality for injuries caused by a beam falling on a truck passing over a city bridge, where there is no evidence as to where the iron came from, that it was part of the superstructure of the bridge, or was being used in connection therewith, or that there was any defect in the bridge.

3. The rule res ipsa loquitur does not apply to such a case.

4. Negligence need not be established by direct proof, but may be shown by circumstantial evidence; when such testimony is offered, the inference therefrom must establish that an accident resulting from the cause assigned was the natural and probable consequence.

Argued October 10, 1923. Appeal, No. 62, Oct. T., 1923, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1921, No. 363, on verdict for defendant, in case of Andrew Zeher v. City of Pittsburgh. Before FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Trespass for personal injuries. Before STONE, J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendant. Plaintiff appealed.

*Error assigned* was, inter alia, direction of verdict for defendant, quoting record.

*Lawrence D. Blair,* with him *Moorhead & Knox,* for appellant.—In certain cases proof of the accident, injuries and attendant circumstances gives rise to a presumption of negligence and makes it incumbent on defendant to show his freedom from fault: Campbell v. Traction Co., 201 Pa. 167; Booth v. Dorsey, 208 Pa. 276; Di Iordio v. Director Gen., 270 Pa. 111; Matthews v. R. R., 18 Pa. Superior Ct. 10; Fisher v. Ruch, 12 Pa. Superior Ct. 240; Shafer v. Lacock, 168 Pa. 497; Henderson v. R. R., 144 Pa. 461; Helfrich v. Gurnari, 78 Pa. Superior Ct. 449; Carmont v. R. R., 271 Pa. 122; Dougherty v. Transit Co., 257 Pa. 118; Caffrey v. Transit Co., 249 Pa. 364.

*John E. Laughlin,* Assistant City Solicitor, with him *Richard W. Martin,* City Solicitor, for appellee, cited: Cavanaugh v. Light Co., 226 Pa. 86; Salerno v. R. R., 46 Pa. Superior Ct. 243; Patterson C. & S. Co. v. Rys., 37 Pa. Superior Ct. 212; Fleccia v. Atkins, 270 Pa. 573; Runkle v. Pittsburgh, 238 Pa. 349; Weaver v. Wohlsen, 254 Pa. 375; Erbe v. Transit Co., 256 Pa. 567; Propert v. Flanagan, 277 Pa. 145.

OPINION BY MR. JUSTICE KEPHART, January 7, 1924:

Appellant was injured while passing over a highway bridge that spanned the Monongahela River at Pittsburgh. An iron beam fell through the top of his Ford truck, striking him and damaging the car, the court below gave binding instructions for defendant, later refusing appellant's motion for a new trial; hence this appeal.

The only evidence as to the cause of the accident was that appellant was struck by the beam. There is no evidence as to where the iron came from, that it was a part of the superstructure of the bridge, or was being used or intended to be used in connection therewith. The accident might have happened by the iron being thrown on the truck by or from an outside agency, as, for instance,

a passing truck, or an independent contractor working on or about the bridge or other structure. While there was some evidence showing rust on the beam, and there was rust in the car and over appellant, this was not shown to be in any way associated with the beam, or the bridge, or attributable to the accident. Even if we infer the piece of iron was a part of the bridge superstructure, there is no evidence of any defect that would have been disclosed by an inspection. Giving to appellant every possible inference from the testimony, recovery is sought solely on the ground of the happening of an accident on a public highway. We have held over and over that a municipality does not insure the personal safety of those who use its highways. To sustain an action for damages, the testimony must show affirmatively the municipality has been guilty of some neglect, so connected with the accident as to make it the proximate cause of the injury. This burden was on appellant, as the rule res ipsa loquitur does not apply: Nichol v. Bell Telephone Co., 266 Pa. 463, 467; Joyce v. Black, 226 Pa. 408; Salerno v. P. & R. Ry. Co., 46 Pa. Superior Ct. 243; Fleccia v. Atkins, 270 Pa. 573; Runkle v. City of Pittsburgh, 238 Pa. 349.

Negligence need not be established by direct proof, but may be shown by circumstantial evidence. When such testimony is offered, the inference therefrom must establish that an accident resulting from the cause assigned was the natural and probable consequence. Where an inference can reasonably be drawn leading to a conclusion it was due to other causes [for which the municipality would not be liable], any finding by the jury represents nothing more than a guess on the main fact involved; courts could not sustain a verdict under these circumstances: Glancy v. McKees Rocks Borough, 243 Pa. 216; Propert v. Flanagan, 277 Pa. 145. The court below was clearly right in directing a verdict for defendant; there was no effort to show any attending circumstances, nothing appearing but the happening of

the accident. The authorities submitted by appellant are not in point; in each there was some evidence in explanation of the accident from which negligence could be inferred.

The assignments of error are overruled, and the judgment of the court below is affirmed.