# Phelan et ux., Appellants, *v.* Armstrong Cork Co.

*Negligence—Elevator—Contributory negligence — Death—Nonsuit.*

1. In an action for death of plaintiff's son, a nonsuit is properly entered where it appears that deceased, an employee of third parties, was engaged at work on a stairway which adjoined an elevator shaft of a building in the course of erection, and desiring to summon the elevator he put his head into the shaft to call the operator, and was struck by the descending weights.

2. In such case defendants were not guilty of negligence, and the deceased was guilty of contributory negligence.

Submitted January 6, 1923. Appeal, No. 294, Jan. T., 1923, by plaintiffs, from order of C. P. Lancaster Co., Aug. T., 1917, No. 51, refusing to take off nonsuit, in case of Michael J. Phelan et ux. v. Armstrong Cork Co.

Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's son. Before HASS-LER, J.

The opinion of the Supreme Court states the facts. Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting it.

*Howard J. Lowell* and *B. F. Davis,* for appellants.

*Charles G. Baker,* for appellee.

PER CURIAM, January 26, 1925:

Wm. F. Phelan, the son of plaintiffs, an employee of third parties, was engaged as an iron worker on a stairway which adjoined the elevator shaft of a building in the course of erection by defendant company. Phelan, desiring to summon the elevator, put his head into the shaft to call the operator and was struck by the descending weights, receiving injuries from which he subsequently died. We agree with the court below in saying the "facts show that defendant was not guilty of negligence, and that plaintiffs' decedent was guilty of contributory negligence."

The refusal to remove the nonsuit is affirmed.