# Wolk et al. *v.* Pittsburgh Hotels Co., Appellant.

*Innkeepers—Hotels—Fall of bottle from window—Proximate cause—Knowledge—Notice—Inspection—Guess by jury—Presumption—Res ipsa loquitur—Personal injuries.*

1. In an action against the proprietors of a hotel for personal injuries resulting from the fall of a bottle from a window into the street, to sustain a recovery there must be some causal connection between the fall of the bottle and the acts of the proprietors of the hotel or their servants or persons for whose acts they may be held responsible.

2. The right of occupancy of rooms in hotels is based on contract; when a guest is assigned, for his exclusive use, a room or an apartment in a hotel, it is his living quarters or residence as a home.

3. Apart from proper regulations and supervision by the landlord, a guest or boarder in a hotel has an absolute right to the free enjoyment of his room or apartment without interference from any one.

4. At common law, subject to certain exceptions, the occupier, and not the landlord, as between himself and the public, is prima facie liable for injuries occurring to third persons.

5. Where the owner lets his premises as apartments or flats, he is liable for injuries occurring only on the premises occupied by himself, and the passageways in the joint occupancy of all tenants, or such parts of the structure over which he has immediate control.

6. The owner of an apartment house is not liable for acts of his tenants on or from that part of the premises leased to them.

7. The fact that the owner occupies a part of the building raises no presumption of liability against him for an injury to a person through the negligence of a tenant.

8. When the premises are occupied jointly by the landlord and others, such joint occupancy raises no presumption as to the liability of the landlord or owners for injury occuring on or from the premises.

9. The proprietor of a hotel is not responsible for the consequences of his guest's wilful acts unless he could prevent it.

10. Where a stranger is injured by an article thrown from the premises (hotel) by a guest, the proprietor is not responsible for the act of the guest on the premises unless he knew or had reason to know the guest would commit the deed.

11. The proprietor of an apartment hotel is not responsible for the negligent condition of a tenant's window sill or for acts committed by a tenant in the course of occupancy, nor is he liable where an accident happens from an occupant's use of an apartment partially for light housekeeping and partly as a hotel.

12. While such proprietor may contract against placing articles on window sills, he is not required to do so to be relieved from liability.

13. Whether a notice prohibiting such practice, posted in a conspicuous place, is sufficient to relieve the proprietor from responsibility, in case of a fall and injury, not decided.

14. The fact that bottles might have been placed on window sills other than that from which one fell, is not sufficient to charge the proprietor with notice as to the windows of transient guests, where other sills are in use by occupants of apartments for light housekeeping.

15. Where a bottle falls from the room of a transient guest and injures a stranger in the street below, the proprietor is not liable unless he knew or should have known that the guest had placed it in a dangerous position, and then only if he fails to take immediate steps to remedy the danger.

16. In a suit against the proprietor for such injuries, plaintiff must show that the bottle fell in fact from defendant's building, that the room from which it fell was not occupied and hence in defendant's possession, or, if it was in the possession of a transient guest, that defendant knew that the bottle was on the sill.

17. The proprietor is under no duty to inspect for such articles.

18. Nor would such proprietor be liable for the result of such articles, placed on a window sill, falling to the street, unless he knew or had reason to know the thing placed there was of a dangerous nature or likely to fall to the street.

19. If it is claimed that the sill of the room from which the bottle fell was marked in such a way as to indicate that a bottle stood there, it must be shown that the room was occupied for light housekeeping, or by a guest, or otherwise, and that the proprietor knew that it was so used.

20. The evidence must show where the bottle came from, and eliminate other possible causes, otherwise the action of the jury would be a mere guess.

21. The rule of res ipsa loquitur is not in the case.

Argued October 8, 1925. Appeals, Nos. 96 and 97, March T., 1925, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1922, No. 1930, on verdict, for

plaintiffs in case of Abe R. Wolk and B. Wolk, his father, v. Pittsburgh Hotels Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before DREW, J.

The opinion of the Supreme Court states the facts.

Verdicts for plaintiffs aggregating $9,026. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Charles F. Patterson,* for appellant.—The occurrence of the accident and the fall of the bottle even though from some place in the hotel raised no presumption of negligence on the part of defendant and the rule res ipsa loquitur does not apply: Joyce v. Black, 226 Pa. 408; Zeher v. Pittsburgh, 279 Pa. 168; Pennington v. Klemanski, 278 Pa. 591; Nichol v. Tel. Co., 266 Pa. 463; Murray v. Frick, 277 Pa. 190.

It was plaintiff's duty to fasten responsibility on defendant not in the alternative but by the exclusion of any other cause than that claimed: Zeher v. Pittsburgh, 279 Pa. 168; Ahern v. Melvin, 21 Pa. Superior Ct. 462; Laven v. Moore, 211 Pa. 245; Booth v. Dorsey, 208 Pa. 276.

*Rody P. Marshall,* with him *M. R. Marshall,* for appellee.—The cream bottle which struck plaintiff came from a window ledge of defendant company's hotel immediately above where plaintiff's car was parked.

One suing for a personal injury negligently inflicted is not bound to exclude the possibility that the accident might have happened in some other way than alleged but is required only to satisfy the jury by a fair preponderance of the evidence that it occurred in the manner in which it is claimed it did: Ryan v. Granite Co., 266

Pa. 105; Murray v. Frick, 277 Pa. 191; Ahern v. Melvin, 21 Pa. Superior Ct. 462; Lamb v. P. & R. Ry., 217 Pa. 564; Henderson v. R. R., 144 Pa. 461.

Evidence of similar negligence on the part of a defendant is often admissible simply to illustrate physical facts, especially when the conditions are the same: Lamb v. R. R., 217 Pa. 564; Murray v. Frick, 277 Pa. 190; Baker v. Hegey, 177 Pa. 128; Heiss v. Lancaster, 203 Pa. 260; Pullman Co. v. Gardner, 3 Pennypacker 78.

OPINION BY MR. JUSTICE KEPHART, November 23, 1925:

The William Penn Hotel, a large twenty-story structure with two wings and courts intervening, fronts on William Penn Way in Pittsburgh; a great number of rooms overlook the street. Abe Wolk, clerk in a jewelry store, was seated in an automobile parked on the side of the street near the hotel; between nine and ten o'clock at night a pint bottle crashed through the top of the car, struck him on the head and rolled into the street. It appeared that milk bottles, jars, flower vases and grape fruit had been seen frequently on the window sills of the hotel, the management permitting the rooms to be used for light housekeeping to the extent of preparing daily at least one meal in the rooms, usually breakfast. On request, meals were served in the rooms. The plaintiff instituted suit to recover damages for the injuries sustained and charged negligence of defendant in permitting such articles as mentioned above to be placed on the window sills by the occupants of the various rooms, in not erecting guards to protect these articles from falling off the sills and failure to inspect to ascertain the condition of the property. The court below permitted a recovery and the case is now before us on appeal.

To sustain a recovery there must be some causal connection between the fall of the bottle and the acts of the proprietors of the hotel or their servants or persons for whose acts they may be held responsible. There is no

proof that the proprietor or his servant threw the bottle and plaintiff relies on an inference that the bottle fell from this particular building because of the presence of bottles on the window sills thereof. This, he says, is strengthened by the fact that a mark, resembling one that might have been made by a wet bottle, was noticed on a sill above where the auto stood.

The case involves a consideration of the legal relation existing between those who occupy rooms of a hotel as guests, boarders or in some other capacity, and the proprietor and the latter's responsibility for their acts. Occupancy of rooms in a hotel by others than the proprietor's family and friends is based on a contract. When a guest or boarder is assigned, for his exclusive use, a room or an apartment in a hotel, it is his living quarters or residence as a home, subject to such visitations, at reasonable times, as the proprietor or his servants may deem necessary, to maintain the rooms in fit condition, or to keep the premises under supervisory control, so that they may not become obnoxious to the proprieties of life or the law of the land. Regulations may be made to this end. These restrictions, however, are specifically effective for the protection of the house itself and its patrons; apart therefrom, the guest or boarder has an absolute right to the free enjoyment of his room or apartment without interference from anyone: Frewen v. Page, 131 N. E. (Mass.) 475. Indeed, unwarranted interference by the proprietor or his servants is a matter of serious moment to them.

Where a building is used as a hotel for the accommodation of guests, boarders, or apartment renters, the relation subsisting between the parties and the proprietor vary, and, whatever they are as between themselves, these relations may relieve the owner or proprietor entirely for the tortious acts of the occupants, committed on the premises, injuriously affecting strangers off the premises, or there may be a qualified re-

sponsibility.  The contract of occupancy of the various rooms by the patrons creates these various relations.

At common law, subject to certain exceptions, the occupier (and not the landlord) as between himself and the public is prima facie liable for injuries occurring to third persons on or off the premises (Thompson on Negligence, section 1154; Keely v. O'Connor, 106 Pa. 321; Offerman v. Starr, 2 Pa. 394; Bears v. Ambler, 9 Pa. 193; Cunningham v. Rogers, 225 Pa. 132; Fitzgerald v. Sherwood, 239 Pa. 298; Pennington v. Klemanski, 278 Pa. 591) as, for instance, where a child of the tenant negligently knocks a stone from a building onto a passer-by: Scullin v. Dolan, 4 Daly (N. Y.) 163.  Where an owner lets his premises as apartments or flats, he is liable only for injuries occurring on the premises occupied by him, the passageways in the joint occupancy of all tenants or such parts of the structure over which he has immediate control, as for instance the roof.  He is not liable for acts of his tenants on or from that part of the premises leased to them: Fiske v. Framingham Manufacturing Co., 14 Pick. (Mass.) 491; Lebensburger v. Scofield, 36 N. Y. Misc. 524, 12 L. R. A. N. S. 1025; Leonard v. Gunther, 47 N. Y. App. Div. 194, 62 N. Y. S. 99; Becker v. Bullowa, 73 N. Y. S. 944.  The fact that the owner occupies a part of the house raises no presumption of liability against him for an injury to a person through the negligence of a tenant (Kaiser v. Hirth, 46 How. Pr. (N. Y.) 161) and where the premises rented are completely out of the control of the owner, he is not liable for injuries inflicted during its use: Norton v. Wiswall, 26 Barb. (N. Y.) 618; Felton v. Deall, 22 Vt. 170.  Even an innkeeper has been held not liable for the wilful acts of his servants outside of the scope of employment, as, for illustration, an assault and battery committed by them (Calye's Case, 8 Coke 32a, 77 Eng. R. 520); and the rule assimilating the liability to that of a common carrier is disavowed: Clancy v. Barker, 131 Fed. C. C. A. 161; Rahmel v. Lehndorff,

142 Cal. 681, 76 Pac. 659. But where the proprietor knew or should have known that an assault was to take place on his premises by a guest and he took no steps to prevent it, he is liable (Rommel v. Schambacher, 120 Pa. 579), as where the act is committed in his presence. It is equally clear that the proprietor must protect strangers from the acts of his guests while in the hotel where he has knowledge of their intended conduct: Curran v. Olson, 88 Minn. 307, 92 N. W. 1124, 60 L. R. A. 733; Rommel v. Schambacher, supra. Where a stranger is injured by an article thrown from the premises by a guest, the proprietor is not responsible for the act of his guest, who is on his premises, unless he knew or had reason to know the guest would commit the deed (Bruner v. Seelbach Hotel Co., 133 Ky. 41, 117 S. W. 373, 19 Ann. Cas. 217), as where a guest threw a beer bottle from the roof garden to the street, striking a pedestrian.

In dealing with the responsibility of a proprietor to a stranger, when an injury occurs through an act of an occupier in no way connected with the conduct of the establishment, the owner of an apartment house, under the principles above outlined, would not be responsible for an injury occurring from the negligent condition of a tenant's window sill, or for acts committed by a tenant in the course of his occupation. Nor would the proprietor of an apartment hotel be liable for similar conditions where the occupant's use is partially for light housekeeping purposes and partly as a hotel. This rule includes some of the conditions that existed in this hotel, where the patrons were permitted to use the rooms for light housekeeping in preparing one of the daily meals in their rooms, which was part of the contract. The character of the occupancy determines the liability. These occupiers are styled permanent guests, and while the proprietor might contract against placing articles on window sills, he is not required to do so to be relieved

of liability; his responsibility rises no higher than that of a landlord who rents his place as an apartment house.

The perplexing question is, should this rule be extended to the transient guests who have an absolute right to the use of their rooms, barring the restrictions mentioned above. Undoubtedly, the proprietor could no more be held responsible for the consequences of his guests' wilful acts in throwing articles to the street unless he could prevent it, than he would be for the wrongful act of his servants outside the scope of employment. Nor would he be liable for the result of articles placed on the window sill falling to the street unless he knew, or had reason to know, the thing placed there was of a dangerous nature, or likely to fall to the street. The proprietor is under no duty to inspect for such articles; they do not come within the class of objects likely to get out of order by use. Nor has it been shown that guards on the windows were customary, indeed they might become, through carelessness, an instrument of great danger: Murray v. Frick, 277 Pa. 190. The fact that bottles were placed on other window sills is not sufficient to charge him with notice as to the windows of transient guests, the other sills being in use by the occupants of apartments as above stated. These circumstances do not give rise to an implication of knowledge.

However, as to that part of the premises occupied by the proprietor or his transient guests, care must be exercised to prevent articles being placed in a position where the laws of nature are constantly being exerted, or slight carelessness may be disastrous. In so requiring, an unnecessary or undue burden is not placed on proprietors, causing them to be answerable for the acts of others over whom possibly they have no efficient control, except dismissal from the hotel. Placing small bottles on a window sill may not be dangerous; they may become dangerous through a slight act of carelessness or a strong wind, and where a warning prohibition is posted in a conspicuous place, against such practice, it

may be the proprietor does his full duty—we need not so decide,—but where a transient guest places bottles or things of like nature on a window sill, the proprietor is not liable for injury through their falling until he knows or should have known of such act, and then only, if he fails to take immediate steps to remedy the danger. Beyond this he cannot be held liable for acts not detrimental in themselves to the building, the business, the patrons or anything connected therewith, but are solely acts affecting a stranger off the premises.

We have stated above that an owner or proprietor is liable to the extent of his occupancy of the premises. When the premises are occupied jointly by the landlord and others, such joint occupancy raises no presumption as to the liability of the landlord or owners for injury occurring on or from the premises. To hold landlord responsible, plaintiff was required to show, in addition to what we shall later discuss, either that the room from which the bottle fell was not occupied, hence in the landlord's possession, or that it was in the possession of a guest and the proprietor knew the bottles were on the sill. There was no evidence to show that room 722, where the mark was found, was occupied as an apartment for light housekeeping or by a guest or otherwise. This was not difficult of proof. The hotel register or other books would show it, or the party who afterwards visited the room could state whether it had the appearance of having been occupied. Notice, however, to the landlord must appear whether the room is used by a transient guest or not.

Assuming there was occupation by the landlord and he or his servants placed or knew bottles were on window sills or that liability came through guests placing them on sills of which the landlord should have known (this is the utmost to which appellee can go), still we have no evidence to show where the bottle came from. The jury was asked to infer that it came from the hotel because other bottles were on window sills, and on one sill a small

round mark appeared that could have been made by a pint bottle. There were other large buildings just across the street, and the inference collides with another inference so that any answer would be a guess: Zeher v. Pittsburgh, 279 Pa. 168; Fleccia v. Atkins, 270 Pa. 573. This evidence is not sufficient to eliminate the other possible causes. In so stating we give due weight to use made of the other buildings and persons supposed to be present therein.

There is no evidence as to what caused the bottle to fall, if it fell from the hotel. Whether it was due to the wind, the act of a guest or the wanton act of some other person does not appear. The crash of the bottle on the top of the automobile was preceded by the fall of a sandwich. Was it thrown from the window, striking the bottle, causing it to fall? Zeher v. Pittsburgh, supra; Fleccia v. Atkins, supra; Salerno v. P. & R. Ry. Co., 46 Pa. Superior Ct. 243; Propert v. Flanagan, 277 Pa. 145. If so, defendant would not be liable.

The principle of law which governs here is that announced by this court in Joyce v. Black, 226 Pa. 408, where it is said, p. 412, in a case where a cornice fell from a building: "There was no negligence in having the bracket for ornamental use on the front of the house, and its mere fall raised no presumption that it would not have fallen except for the negligence of the owner of the property in not having it safely attached to the building. The rule res ipsa loquitur is not in the case, and affirmative proof by the appellant of the appellee's negligence was essential to a recovery." We said in Murray v. Frick, 277 Pa. 190, 193, that very slight evidence is sufficient to meet the burden of proof, nevertheless, defendant's negligence must appear. In the Joyce Case, as in the Murray Case, articles fell from a building that were a part of the structure; the owner or occupier, as the case may be, should be held to a strict rule; this was done in the Murray Case but where an article comes from a building which has no connection with its

construction or is no part of it, there is no reason to impose on such owner or occupier a rule different from other cases. It is true, negligence may be established by circumstantial evidence, but, as we have pointed out, the evidence does not connect defendant with the injury.

After a careful review of the record, we are satisfied that the court was in error in not directing judgment for defendant.

The judgment of the court below is reversed and judgment entered for the defendant n. o. v.