# Lerner *v.* Bergdoll, Appellant.

*Negligence—Landlord and tenant—Elevator — Machinery and appliances—Allegata and probata.*

1. Where a statement of claim avers negligence on the part of the owner of a building in disregarding his duty to properly "maintain an elevator, its machinery and appliances, in good order and repair," and the proof shows a defect, in the rope holding the weights, and the decayed condition of the wooden receptacle in which they were contained, there is no variance between the allegata and probata, inasmuch as the safety device must be considered as part of the machinery of the elevator, taken as a whole.

*Negligence—Elevators—Inspection—Evidence—Tenants — Control of elevator—Licensee or invitee—Reasonable care—Wanton injury.*

2. In an action for damages for personal injuries resulting as alleged from the fall of a weight of an elevator on plaintiff's head, it is proper to admit the testimony of a qualified city inspector to show a general inspection of the elevator a short time prior to the accident.

3. Such inspection would have disclosed the condition of the parts of the elevator alleged to have been defective, and the presence or absence of defects would have become apparent.

4. Evidence of such inspection is especially competent where it appears that plaintiff's principal witness had asserted that the elevator was always in poor condition.

5. In an action against an owner of a building for injuries caused by an alleged defective elevator, where it appears that tenants on several floors had the use of the elevator, the landlord is not liable if the tenants had assumed all control and management of it.

6. In such case, if it appears that plaintiff was a junk dealer collecting paper and boxes from the tenant of the ground floor, it must be determined first whether he was a licensee or invitee of such tenant; if a licensee, the liability of the landlord was only for wanton or wilful injury; but if an invitee, the liability was for the failure to exercise reasonable care.

*Negligence—Elevators—Contributory negligence.*

7. Where a person is injured by a falling weight while pulling an elevator rope to bring down the elevator from above, and it appears that the accident could not have occurred if he had reached

his hand only into the shaft, he is guilty of contributory negligence if he failed to exercise due care when he leaned over so that his head came within the opening and was struck.

Argued November 27, 1925. Appeal, No. 335, Jan. T., 1925, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1919, No. 3906, on verdict for plaintiff, in case of Abraham Lerner v. Erwin R. Bergdoll. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before McDEVITT, J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $20,000, Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Sidney E. Smith,* for appellant.—Appellee's own act was the proximate cause of his injury, and he was guilty of contributory negligence: Marsh v. Giles, 211 Pa. 17; Rhad v. Light Co., 255 Pa. 409.

Appellee was a mere licensee, and the only duty appellant owed him was to abstain from inflicting intentional or wanton injury: Schiffer v. Sauer Co., 238 Pa. 550.

There is no evidence expressly showing, or from which an inference based upon facts can be drawn, that the injury was caused by the alleged negligence of appellant: Snyder v. R. R., 239 Pa. 127; Bollinger v. Sand Co., 232 Pa. 636; Douglass v. Mitchell, 35 Pa. 440; Bube v. Boro., 25 Pa. Superior Ct. 88; P. & R. R. Co. v. Schertle, 97 Pa. 450; Phila. C. P. Ry. Co. v. Henrice, 92 Pa. 431; Welsh v. R. R., 181 Pa. 461; Laven v. Moore, 211 Pa. 245; Fleccia v. Atkins, 270 Pa. 573; Flanigan v. McLean, 267 Pa. 553; Eshleman v. Stock Yards Co., 222 Pa. 20.

*Daniel Murphy,* of *Murphy & Levy,* for appellee.—The landlord was liable: Sloan v. Hirsch, 283 Pa. 230; Fox v. Phila., 208 Pa. 127; Prager v. Gordon, 78 Pa. Superior Ct. 76.

OPINION BY MR. JUSTICE SADLER, January 4, 1926:

Plaintiff was injured in a building owned by the defendant, and claimed it was due to the failure to keep in repair an electric lift there installed. Each of four tenants occupied separate floors, the Kinney Company being the lessee of the first, and also of the basement. The one elevator served all, but whether the duty to keep it in a reasonably safe condition rested upon the lessor or the tenants was a matter in dispute. If the former, defendant was liable in case the necessary supervision was not exercised, and loss resulted by reason thereof (Sloan v. Hirsch, 283 Pa. 230), but the contrary was true if all control and management of it had been assumed by the lessees: Pennington v. Klemanski, 278 Pa. 591; Fitzgerald v. Sherwood, 239 Pa. 298. In view of the testimony offered in the present case, a preliminary question was raised for the jury to decide, in passing upon the liability of defendant for damages claimed.

Lerner was a junk dealer, who from time to time had collected paper and boxes from the basement, used by the tenant of the first floor, where a shoe store was conducted. On April 17, 1918, he gathered the rubbish for removal, packing the same into bags, and carrying them to the elevator shaft. On each landing above there was a semi-automatic gate, which closed the entrance when the lift rested at some other floor, and this device was controlled by weights enclosed within a wooden box, installed in the shaft, and attached to the gate by a rope. Lerner pulled the controlling cable, reaching from the unguarded opening in the basement, with the purpose of securing the descent of the elevator to that point. When so engaged, a piece of iron dropped from above, striking his head, causing the injury now complained of. There

was no direct evidence to show where the falling object came from, or that it constituted a part of the machinery in use, but a witness testified it was similar in size and appearance to one of the weights used to control the operation of the gates. The same person also stated that, two hours after the accident, like pieces of iron were noticed by him at or about the sill of the first floor landing, and the rope, to which the weights were fastened, previously observed to be frayed, was then broken, as well as the sash box, where normally the irons would fall and rest if deprived of support. The latter was described as composed of wood, which had become rotten and worn. From proof of these facts, the jury found a failure, on the part of the landlord, to keep the lifting device in a reasonably safe condition, and awarded damages for the loss sustained by plaintiff.

The statement of claim averred negligence in disregarding a duty to properly "maintain said elevator, its machinery and appliances, in good order and repair." The actual defect proved, if any, was the weakness in the rope holding the weights, and the decayed condition of the wooden receptacle in which they were contained. Defendant contended that there was such a variance between the allegation of negligence, found in the pleadings and the evidence offered, as preventing submission of the case to the jury. This position cannot be sustained, since the safety device must be considered part of the machinery of the elevator, taken as a whole.

At the trial, proof of lack of due care was limited to the condition of the sash boxes, but evidence to show a general inspection, within a short time prior to the accident, by the qualified city official (first assignment) was refused. In this we think error was committed. Had the witness been allowed to describe what was found by him, the condition of the wooden box, which, according to plaintiff's claim, was part of the elevator, would have been disclosed, and the presence or absence of defects complained of would have become apparent. What

has been said applies with equal force to the refusal to permit the further examination of the same witness as to his observation on February 21st and February 27th preceding (second and third assignments). All three of the offers should have been admitted for the further reason that plaintiff had attempted to prove by his principal witness that the elevator was always is poor condition. Groves, the inspector above referred to, was competent to prove this assertion to be incorrect, for the purpose of affecting the credibility of Lifter, the one upon whose testimony the claim of plaintiff depended. The rejection of the proposed evidence renders necessary the sustaining of the first three assignments, and the granting of a new trial.

The claim of the plaintiff was predicated on the alleged failure to properly guard the machinery. It is insisted that no evidence was produced to show the actual cause of the injury, since the piece of iron which fell in some way, not explained by direct evidence, was not proved to be one of the weights used in the sash box, but only similar in size and appearance, and, therefore, the principle enunciated in Huey v. Gahlenbeck, 121 Pa. 238; Fleccia v. Atkins, 270 Pa. 573, and other like cases, should be applied. There was, however, some testimony showing that the break in the rope holding the weights permitted their release, from which it might be found that one or more of these fell from the box furnished for holding them, because the wood had become rotten and broken. These circumstances, followed by the fall of a like iron from the shaft above, was for the consideration of the jury in determining whether there was negligence in not keeping the machinery in repair. Whether defendant, the landlord, was responsible, if any neglect appeared, depended on facts for the jury to pass upon, the conclusion to be reached resting, as it did, on the disputed testimony submitted. Before the standard of duty required could be fixed, it was also necessary to determine whether plaintiff was a licensee or an invitee

of the tenant, for, in the first instance, the liability was only for loss resulting from the infliction of wanton or wilful injury, and, in the latter, for failure to exercise reasonable care: Silver v. Hause, 285 Pa. 166, and cases cited.

Since this case must be heard again, the further question of contributory negligence, argued by appellant in the brief submitted, should be referred to. Defendant presented no request for special instructions as to this, but now suggests the defense by the sixth assignment, based on the refusal of the seventh point, and the ninth, complaining of the refusal to give binding instructions in his favor. Neither could have been affirmed because questions of fact were involved, which were for the jury to pass upon. As we read the record, however, there was evidence to show that the accident could not have occurred had plaintiff reached into the shaft to control the cable with his hand alone. There was testimony from which it could reasonably be inferred that Lerner also leaned over, so that his head was within the opening, thus making possible the blow of the iron upon it by the object falling from above. If this were so, then the question of the exercise of due care by the plaintiff became an important factor in determining the liability of defendant (Phelan v. Armstrong Cork Co., 282 Pa. 285), and the court should have explained what facts would constitute such contributory negligence, and instructed the jury as to the law applicable: New York, etc., R. Co. v. Enches, 127 Pa. 316; Herstine v. L. V. R. R. Co., 151 Pa. 244. Doubtless no discussion of this defense, other than by general reference, appears in the charge, because instructions were not specifically asked, and it was apparently assumed to be unnecessary. On a new trial, the effect of plaintiff's own acts, whatever they were, can be more fully called to the attention of the jury, if the question now suggested becomes material under the evidence which may then be produced.

Specific reference to the many assignments of error is not required, except as to the first three, which are sustained.

Judgment is reversed with a venire facias de novo.