### CLINE v. ENID NAT. BANK et al.

No. 17795.   Opinion Filed Jan. 10, 1928.

(Syllabus.)

1. **Landlord and Tenant—Injury to One on Sidewalk from Falling Object—Landlord not Negligent in Failing to Screen Tenant's Upstairs Window.**

Where a tenant is in the possession of a part of an office building and said tenant through alleged negligence causes an object to pass out of and fall from an unscreened window of said building and injures a stranger, the omission of the lessor to place a screen at said window does not constitute actionable negligence in favor of such stranger as against the lessor.

2. **Same—Falling Pitcher as Efficient Cause of Injury and not Basement Railing Which Narrowed Sidewalk.**

Where the owner of a building has placed a railing along a sidewalk, which railing encloses a part of the sidewalk, which necessitates travelers passing outside of said railing, and a person while so traveling along said route was within range of a falling pitcher, which pitcher fell to and upon the plaintiff, held, that the falling pitcher was the immediate, direct, and efficient cause of the injury to the plaintiff, and that the route traveled by the plaintiff was merely incidental to said injury.

Error from District Court, Garfield County; Charles Swindall, Judge.

Action by B. F. Cline against the Enid National Bank and others. Judgment for certain defendants, and plaintiff brings error. Affirmed.

W. W. Sutton, for plaintiff in error.

McKeever, Moore & Elam, for defendants in error.

LESTER, J. B. F. Cline, the plaintiff in error, was the plaintiff below; the Enid National Bank, the Enid Bank & Trust Company, and J. H. Hays, Sr., defendants in error, were defendants below.

The Enid National Bank and the Enid Bank & Trust Company each filed a special demurrer to the amended petition of the plaintiff. Said demurrers were by the court sustained, and the plaintiff having elected not to plead further, judgment was rendered by the court in favor of the defendants, the Enid National Bank and the Enid Bank & Trust Company, and against the plaintiff, from which judgment the plaintiff prosecutes this appeal.

The defendant Hays is not a party to this appeal.

According to the allegations of the amended petition, a pitcher was placed in the window of an office occupied by the defendant Hays, in the building owned by the Enid National Bank and the Enid Bank & Trust Company, and in some manner said pitcher was pushed out of the window located in said office and it fell from said window to and upon the plaintiff and injured said plaintiff, who was traveling along the sidewalk.

The plaintiff in his petition alleged that the Enid National Bank and the Enid Bank & Trust Company, the owners of said building, had failed and neglected to screen the windows of the said building in order to prevent the passage of objects therefrom.

The plaintiff further alleged that the defendants were guilty of maintaining a nuisance for the reason that said defendants had constructed certain pillars and steps along the side of the said building which obstructed the free use by the public of the sidewalk on the south side of the building; that the defendants had wrongfully constructed and maintained an open stairway, with a railing thereon, leading from the public sidewalk to its basement, and that on account of said wrongful construction of the sidewalk on the east side and by the means of an open stairway and banisters, the same caused the plaintiff to be in range of the said falling pitcher.

The plaintiff further stated and alleged that on account of having been struck by the said falling pitcher he had been damaged in the sum of $15,000.

The first proposition for review is whether the owners of the building were negligent in failing to screen the windows of the building from where the pitcher fell.

In the case of Wolk v. Pittsburgh Hotels Co. (Pa.) 131 Atl. 537, it appears that Abe Wolk, clerk in a jewelry store, was sitting in an automobile parked on the side of the street near the hotel, between nine and ten o'clock at night, and a pint bottle crashed through the top of the car and struck him on the head and rolled into the street. It

further appears that the management of the said owner of the said building permitted the same to be used for light housekeeping to the extent of preparing meals in the room. The plaintiff instituted suit to recover damages for the injury sustained and charged negligence of the defendants in permitting articles to be placed on the window sills by the occupants of the various rooms and not erecting guards to protect these articles from falling off the sills. The court in this case said:

"In dealing with the responsibility of a proprietor to a stranger, when an injury occurs through an act of an occupier in no way connected with the conduct of the establishment, the owner of an apartment house, under the principles above outlined, would not be responsible for an injury occurring from the negligent condition of a tenant's window sill, or for acts committed by a tenant in the course of his occupation. * * *

"Nor would he be liable for the result of articles placed on the window sill falling to the street, unless he knew or had reason to know the thing placed there was of a dangerous nature, or likely to fall to the street. The proprietor is under no duty to inspect for such articles; they do not come within the class of objects likely to get out of order by use. Nor has it been shown that guards on the windows were customary; indeed they might become, through carelessness, an instrument of great danger. Murray v. Frick, 277 Pa. 190, 121 Atl. 47, 29 A. L. R. 74."

In the instant case we do not think there was any liability whatever upon the part of the owners of said building in failing to screen the window from where the pitcher fell. In our judgment, the negligence, if any, was that of the lessee in placing the pitcher so it would fall as it did, and not that of the owner in failing to construct or place screens at the window.

The plaintiff contends that his petition stated a cause of action in that said petition charged and alleged that the construction of the stairway leading to the basement of the building amounted to the maintaining of a nuisance and forcibly caused the plaintiff to be within range of the pitcher at the time it fell from the window.

A question similar to the one involved here was before the Supreme Court of Iowa in the case of Jones v. City of Ft. Dodge, 171 N. W. 16, a case where the city and contractor were sued on account of an alleged unlawful occupation of the highway and because of which plaintiff was required to walk where he did and was struck by an automobile; facts in the said case being very similar to those in the instant case. The court there said:

"It naturally follows, also, that the acts of the defendant city, such as they were, were remote, and not proximate, in their causal relation to the collision which caused the death of the decedent. At the time the boy passed from the sidewalk to the pavement for the purpose of passing along the housing in question, there was no danger apparent, and none actually existed so far as the condition of the street was concerned. It is alleged in the petition that it was a crowded thoroughfare. But there was neither man nor vehicle upon it at this time. It would be difficult to conceive of a safer situation presented upon a public street. The sudden appearance of the automobile and the disregard of its driver of the safety of the decedent was clearly an active and efficient cause of the injury. It was the intervention of an independent event involving human responsibility. Except for this intervening event, the accident could not have happened."

In our judgment the condition of the premises was in no way responsible for the alleged negligence of the lessee, Hays. The obstruction on the sidewalk had no connection with the pitcher being placed in the window nor its precipitation from the window to the sidewalk. The lessor in no manner had control of the pitcher and, therefore, could not be charged with any negligence on account of said pitcher falling from said window and upon the plaintiff. The proximate cause of the injury, as it appears from the petition of the plaintiff, was the alleged negligent acts of the lessee, and we think that the court was without error in sustaining the special demurrers to the plaintiff's petition.

Judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 36 C. J. pp. 239, 240, §948; 29 Cyc. p. 477; 16 R. C. L. p. 1063; 3 R. C. L. Supp. p. 621; 4 R. C. L. Supp. p. 1094. (2) 29 Cyc. p. 488; 22 R. C. L. p. 196.