Levy, Appellant, *v.* Fire Association of Philadelphia.

Argued January 14, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

George F. Lowenthal, for appellant.

Michael A. Foley, for appellee, was not heard.

PER CURIAM, March 23, 1936:

Appellant, a trucker, hauled cabinets to appellee's building. An employee of the building took him and the cabinets to the basement on a freight elevator. The employee then departed telling appellant to close the elevator. The doors came together from top to bottom meeting in the center, and, to close them, appellant stood outside the elevator and pulled a strap inside of it. The doors did not move. He pulled again and they shut catching his hand and causing the injuries for which this action is brought. On the facts the trial judge nonsuited appellant for want of evidence of negligence on the part of appellee. This ruling was correct.

No defect was shown to exist in this elevator. The question of fault arising from lack of adequate instructions to a party known to be unfamiliar with elevators does not arise for no evidence was submitted to establish liability in this manner. Appellant sought to invoke the rule that when the instrumentality which caused the injury is under the control of the owner and an accident occurs which, in the ordinary course of events, would not have happened if those in control had used care, it affords evidence, in the absence of explanation, that the accident happened as a result of want of care. See Knox v. Simmerman, 301 Pa. 1; McKnight v. Kresge Co., 285 Pa. 489; Phelan v. Armstrong Cork Co., 282 Pa. 285; Sack v. Ralston, 220 Pa. 216; Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497; Hamill v. P.

*R. T. Co.,* 98 Pa. Superior Ct. 242. For obvious reasons the rule does not apply in this case; if it did, it would apply in almost every case.

Appellant had the opportunity to observe, while riding in the elevator, how the doors closed and that they were operated from the inside. In attempting to shut the doors from the outside and in jerking the strap a second time he assumed the risk and was guilty of contributory negligence. As the court below stated, after the first attempt to release the doors by pulling the strap inside the door proved unsuccessful, it was negligence on appellant's part to repeat an effort which obviously would subject him to the danger which actually resulted.

Judgment affirmed.