JAMES W. FLETCHER, PLAINTIFF-RESPONDENT, v. GREATER NEWARK BUILDING AND LOAN ASSOCIATION OF IRVINGTON, A BODY CORPORATE, DEFENDANT-APPELLANT.

Submitted May 2, 1939—Decided July 28, 1939.

Before Justices Case and Heher.

For the appellant, *Reginald V. Spell* (*Wilbur A. Stevens*, of counsel).

For the respondent, *Gustave G. Kein, Jr.* (*Samuel J. Marantz*, of counsel).

The opinion of the court was delivered by

HEHER, J. Plaintiff seeks the recovery of damages for injuries claimed to have been tortiously inflicted by the defendant-landowner under these circumstances:

Defendant was the owner of lands and building thereon known as Nos. 986-990 Stuyvesant Avenue, in the Township of Union, in the County of Union. The building was subdivided into four stores, all rented and used for business purposes. The tenants had the common use of the cellar underneath the building, and access thereto was had through a cellarway leading from the adjacent sidewalk. The areaway was covered by the usual sidewalk steel doors, resting flush with the sidewalk, but movable upward to afford a passageway. On September 4th, 1936, while one of the doors was in a vertical position with the resultant sidewalk opening unguarded, plaintiff, whose attention was directed to wares displayed in the show window of one of the stores, fell into the areaway and sustained injury. The District Court Judge, sitting without a jury awarded judgment in his favor, and defendant appeals.

It is assigned for error that the judge "refused to nonsuit the plaintiff * * * and to direct a verdict in favor of the defendant" upon the ground that defendant was not chargeable with the mishap so suffered by plaintiff.

The argument made by plaintiff is that the "cellarway was a common areaway" as regards the tenants, and that in such circumstances it was incumbent upon the defendant-landowner to provide a "bar * * * to hold the cellar doors erect," one that "incidentally would have served as a guardrail in so far as the opening was concerned," and that plaintiff's injuries were the proximate result of the breach of this asserted duty.

The contention thus made has a two-fold aspect—first, that defendant, "having retained control of the cellarway for the common use of its tenants, was bound to the duty of reasonable care to see that it was reasonably safe, and, in connection therewith, was required to provide a bar or guard rail for the open cellar door so that injury to plaintiff * * *

would have been averted;" and second, that "a structural defect existed in the cellar doors, in that the defendant failed to provide a bar or guard rail for the doors *in an open condition* [italics counsel's], and said condition was a nuisance which defendant maintained." We find it to be wholly untenable.

In this respect, the case is ruled by *Arnold* v. *Dlugo,* 110 *N. J. L.* 89; *Muller* v. *Baskowitz,* 10 *N. J. Mis. R.* 4, and *Wasilewski* v. *McGuire Art Shop,* 117 *N. J. L.* 264. Concededly, the relation underlying the doctrine of *respondeat superior* did not exist between the landowner and the tenant or other person responsible for the unguarded sidewalk opening. And the mere lack of a cross-bar or like protective guard did not constitute the structure a nuisance at the time of the letting. The landowner's liability to strangers does not extend to that which is merely capable of being rendered a nuisance by the tenant. As in the case of *Wasilewski* v. *McGuire Art Shop, supra,* plaintiff's injury was not a necessary consequence of the use of the cellar doors in the manner contemplated; it was primarily the result of the negligence of a third party whose fault is not imputable to the landowner.

The landowner is not required to equip the demised premises with every device designed to safeguard the stranger against the tenant's negligence in the use thereof. He is not an insurer against the tenant's negligence; he is not a guarantor of the non-negligent use of a contrivance that is not in essence a nuisance at the time of the letting, but may become such thereafter only because of the tenant's failure to exercise reasonable care.

The judgment is accordingly reversed, and a new trial awarded; costs to abide the event.