**WARD v. WALLACE et al.**

No. 13430.

Court of Civil Appeals of Texas. Dallas.
Oct. 8, 1943.

Rehearing Denied Nov. 19, 1943.

J. Lee Zumwalt, of Dallas, for appellant.

Malone, Lipscomb, White & Seay, Jack Johannes, and Roy E. Cogdill, all of Dallas, for appellees.

YOUNG, Justice.

Mrs. Ward brought this suit against Southland Life Insurance Company, as owner of the Gulf States Building, Dallas, and Stuart Wallace, tenant occupying an office therein charging that while walking on the adjacent sidewalk she was struck by a book which fell from the office of Wallace, with resulting physical injuries. Defendants filed separate answers, inclusive of general denials, and, at conclusion of plaintiff's testimony, moved for instruct-

ed verdicts, which were granted; and from the subsequent adverse judgment, plaintiff has appealed.

Following is a résumé of material facts: The Gulf States sixteen-story office building occupies some 100 x 150 feet on the northwest corner of Main and Akard Streets; and while plaintiff was proceeding north on the adjoining Akard Street sidewalk, she was struck on the head by a jewelry catalog, weighing from three to five pounds, which fell from an upper story of said building. Plaintiff testified to being temporarily stunned by the blow and, upon regaining consciousness, was lying on the walk with the catalog, or paper-bound book, lying near. On the book's flyleaf was written the name "Loy L. Sealy, Room 205, 1415½ Main Street, Dallas," and a business card of defendant Wallace was found between other book leaves, reading, "Come in and let me test your watch free. Demand that your watch repair work be accompanied by a printed proof of accuracy. On all repair work we use the Watch Master. Stuart Wallace, 1101 Gulf States Building, 7-1738." Officer Bates, of the police force, now deceased, immediately came to the assistance of Mrs. Ward; and his written report of the incident, filed with the Police Department was admitted in evidence. It was dated 3:50 P.M., February 15, 1941, and stated in part: "This lady, Mrs. J. P. Ward, age 64, Campbell Hotel, Dallas, was injured by a large book that fell out of the window of Stewart and Wallace Jewelry Co. 501 Gulf States Building. The book falling on her head and knocking her to the sidewalk. I arrived there almost instantly, thinking she had fainted. She said her head was not injured, but complained of her left arm. I sent her, by Taxi Cab, at her request, to Dr. Guion A Lindsay, Med. Arts."

Defendant Wallace testified, in substance, that he had formerly occupied room 1101 of the building, moving to 501 some time before February 15, which space was some 125 to 150 feet north of Main Street, on the Akard Street side; that he had there been engaged in watch and jewelry repairs, along with Mathews, an apprentice; his own work bench standing between and parallel to the two office windows. At its end was a small table where he kept a catalog, similar to the one in evidence; that he had reached for said book later in the evening of February 15 and discovered it was gone. His assistant, Ma-

thews did not use the work bench of witness, having one of his own on the other side of the office. As to the card of Wallace, found in the book that fell from the building, he testified that it was similar to many circulated by him through the mail, or personally, in downtown Dallas, for advertising purposes, while an occupant of room 1101 several months before; and that the catalog in question was in general circulation among jewelers and watch repair men throughout Dallas; stating that he could not identify the book that fell as belonging to him, having no acquaintance with Loy L. Sealy, whose name appeared therein. Wallace had no recollection of his office window being open on the particular day, same never having been raised to his knowledge; that the building was air-conditioned, both summer and winter, and it was not necessary to open his windows for ventilation; that Mrs. Ward's injury occurred on a Saturday afternoon after his helper Mathews had gone for the day and he was there alone; that, if he left for any purpose during the time, his office door had been locked. His lease with Southland Life Insurance Company, building owner, placed in evidence, carried no provision against setting books, glasses, or other movable objects on open window sills.

Appellant's points of error, upon which actionable negligence is claimed, are: (1) That jury questions on liability of both defendants ware raised in undisputed testimony, under the doctrine of res ipsa loquitur; (2) the proof established that appellee, building owner, had failed to provide safeguards against falling of movables from said building to the sidewalk below, with resulting negligence and liability; (3) Insurance Company (owner) was negligent in not carrying a lease stipulation with Wallace against placing objects in office windows, or a clause requiring him to use diligence in such particular; (4) Insurance Company was negligent in permitting tenant Wallace to place articles in the office window, which might fall, as on the occasion in question; (5) the pleading and proof established liability of both defendants, under their joint control of the room from which the object fell upon plaintiff; (6) no evidence was offered by either defendant of the exercise of any care to prevent the injury.

By reason of the court's adverse instruction, all evidence must be viewed from the standpoint most favorable to ap-

pellant. Even so, the written statement of officer Bates identifying the catalog, must be disregarded as a conclusion patently based on hearsay; hence of no probative force in testing the conduct of either defendant, whether negligent or not. 17 T.J., pp. 519, 922.

Appellant's claim of issuable facts rests primarily upon res ipsa loquitur, a rule of evidence applicable generally to a state of facts, showing "(1) that the injury or damage was the result of an act or omission of the defendant, (2) that an instrumentality by which the harm was caused or produced was in the exclusive possession of the defendant, and (3) that the calamity was one which is ordinarily averted by the taking of customary precautions or preventive measures." 30 T.J., Sec. 129, p. 803; see, also, Davis v. Castile, Tex.Com.App., 257 S.W. 870, 872. Applying the quoted rule to the case at hand, we find that in her petition, plaintiff does not place exclusive control of the room from which she alleges the object fell, as in either defendant, but rather asserts a joint control; and the physical facts conclusively indicate that the offending article came from or through an office window of a building tenant, whose property it was, with consequent exclusive possession and control. Thus, by both pleading and proof, the principle invoked is found wholly inoperative as regards appellee landlord, Southland Life Insurance Company.

Neither do we think the evidence sufficiently establishes any causal connection between tenant Wallace and the dropped catalog, whereby negligence can be inferred under the ipsa rule. Though this defendant frankly admitted disappearance of his own catalog on the same afternoon, the book produced by plaintiff bore the name of another; and, in view of the general distribution of similar catalogs in the Dallas business district, likewise of Wallace's business cards, no inference can be indulged concerning the identity of the fallen missile as his property. Such result can be obtained only by basing inference upon inference, which the law repels. And thus again, the jury is left to speculation and conjecture involving, (1) ownership by Wallace of the book that fell; (2) whether same, in fact, came from the particular room (501) of this sixteen-story office building. It is stated in Davis v. Castile, supra: "'* * * Verdicts cannot rest upon guess or conjecture. It is the duty of the plaintiff to prove negligence affirmatively; and, while the inference allowed by the rule or doctrine of res ipsa loquitur constitute such proof, it is only where the circumstances leave no room for a different presumption that the maxim applies. When it is shown that the accident might have happened as the result of one of two causes, the reason for the rule fails, and cannot be invoked.'"; and, in Emmons v. Texas & P. Ry. Co., Tex.Civ.App., 149 S.W.2d 167, 171: "The undisputed evidence as shown in our discussion of propositions 1, 2 and 3, discloses that it is as probable that appellant's injury was due to an act for which appellee was not negligent as to one for which it was negligent. Under such circumstances it is held that when 'the accident may have happened as the result of one of two or more causes, and it is not more reasonably probable that it was due to the negligence of the defendant than to any other cause, the rule of res ipsa loquitur does not apply.'"

Plaintiff's alternative charges of specific negligence against appellee Insurance Company are also untenable. At most, the fact situation before us discloses the negligent use by a tenant of some portion of the leased premises, constituting a nuisance, for which the lessor is not liable. See Kennedy v. Garrard, Tex.Civ.App., 156 S.W. 570, for application of the common law rule that, "A landlord is not responsible to other parties for the misconduct or injurious acts of his tenant to whom his estate has been leased for a lawful and proper purpose, when there is no nuisance or illegal structure upon it at the time of the letting." Wiersma v. Long Beach, 41 Cal.App.2d 8, 106 P.2d 45, Syl. 6; Fletcher v. Greater Newark Building & Loan Ass'n, 123 N.J.L. 59, 7 A.2d 871; Brittain v. Atlantic Refining Co., 126 N.J.L. 528, 19 A.2d 793.

We have been cited to no case fixing liability upon the proprietor in the situation here presented; assuming, as we must, that the instrument inflicting injury fell from space occupied by a building tenant. A landlord is not liable for acts of tenants originating on that portion of the premises under lease. 32 Am.Jur., Landlord and Tenant, Secs. 762–817, pp. 650–695; Wolk v. Pittsburgh Hotels Co., 284 Pa., 545, 131 A. 537, 42 A.L.R. 1081; Cline v. Enid, Nat'l Bank, 129 Okl. 10, 262 P. 1066; Fletcher v. Greater Newark Building &

614

Loan Ass'n, 123 N.J.L. 59, 7 A.2d 871. Responsibility of the building owner would appear *no greater* than has been imposed upon innkeepers under similar facts; as illustrated in Wolk v. Pittsburgh Hotels Co., supra, where recovery was denied for injuries incurred by a bottle falling from the window sill of a hotel guest. Referring to the owner, the holding was [284 Pa. 545, 131 A. 540, 42 A.L.R. 1081]: "Nor would he be liable for the result of articles placed on the window sill falling to the street, unless he knew or had reason to know the thing placed there was of a dangerous nature, or likely to fall to the street. The proprietor is under no duty to inspect for such articles; they do not come within the class of objects likely to get out of order by use. Nor has it been shown that guards on the windows were customary; indeed they might become, through carelessness, an instrument of great danger. (Citing authority.) The fact that bottles were placed on other window sills is not sufficient to charge him with notice as to the windows of transient guests, the other sills being in use by the occupants of apartments as above stated. These circumstances do not give rise to an implication of knowledge."

Appellant's remaining propositions have been fully considered but are overruled, with resulting affirmance of the judgment herein.

Affirmed.

LOONEY, Justice, dissents in part, concluding that jury questions were raised relative to liability of appellee Wallace.