# Johns, Appellant, v. Pennsylvania Railroad Company.

*Negligence — Railroads—Brakeman—Fall of bridge—Res ipsa loquitur.*

1. In an action against a railroad company to recover damages for the death of a brakeman caused by the fall of a bridge on which his train was passing, the burden of proof is on the plaintiff to show negligence.

2. In such a case the court commits no error in refusing to permit a witness for the plaintiff to testify as to the condition of the foundations five months later, where it appears that the physical conditions had changed in the meantime, and that the testimony was inadequate to establish a defect in the original construction.

3. The maxim res ipsa loquitur is an exception to the general rule that negligence is not to be inferred but must be affirmatively proved except in cases of absolute duty or an obligation practically amounting to that of an insurer.

Argued Oct. 19, 1909. Appeal, No. 86, Oct. T., 1909, by plaintiffs, from order of C. P. No. 4, Allegheny Co., Fourth Term, 1907, No. 1,069, refusing to take off nonsuit in case of Elizabeth C. Johns, by her father and next friend, James Anthony, v. Pennsylvania Railroad Company, operating the West Penn Railroad. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before CARNAHAN, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit, and ruling on evidence referred to in the opinion of the Supreme Court.

*Horace J. Miller*, for appellant.—The defendant was bound to give the plaintiff a safe place in which to work and was bound to keep and maintain its bridge on this right of way in such reasonably and adequately safe condition for the de-

ceased to be upon and use: Pennsylvania & New York Canal & R. R. Co. v. Mason, 109 Pa. 296; Hough v. Ry. Co., 100 U. S. 213; O'Donnell v. R. R. Co., 59 Pa. 239.

When a bridge has stood for the length of time timbers are expected to last, it may be reasonably expected that decay has set in, and it is negligence to omit all proper precautions to ascertain its conditions: Rapho Twp. v. Moore, 68 Pa. 404.

In this case the plaintiff has shown a series of acts from which the inference of negligence arises; that inference is sufficient to carry the case to the jury. Having once arisen, either as a matter of law or from affirmative evidence of acts of commission or omission, it remains until overcome by countervailing proof; whether so overcome is a question of fact which the court could not determine: Penna. R. R. Co. v. Miller, 87 Pa. 395; Penna. R. R. Co. v. Weiss, 87 Pa. 447; Spear v. Phila., Wilm. & Balto. R. R. Co., 119 Pa. 61; Devlin v. Beacon Light Co., 198 Pa. 583; Kane v. Phila., 196 Pa. 502; McCafferty v. Penna. R. R. Co., 193 Pa. 339; White v. Boston, etc., R. R. Co., 144 Mass. 404 (11 N. E. Repr. 552).

*M. W. Acheson, Jr.,* of *Patterson, Sterrett & Acheson,* for appellee.—The burden of affirmatively establishing negligence was on the plaintiff: Erie, etc., Railroad Co. v. Smith, 125 Pa. 259; Mensch v. R. R. Co., 150 Pa. 598; Wojciechowski v. Sugar Refining Co., 177 Pa. 57; Savitz v. R. R. Co., 199 Pa. 218.

OPINION BY MR. JUSTICE FELL, January 3, 1910:

The plaintiff's husband was a brakeman on the defendant's road and was killed in an accident caused by the falling of a bridge on which his train was passing. The bridge was about eighty feet in length, and the iron superstructure rested on abutments at its ends and a pier at the middle of the creek it spanned. The creek was ordinarily quite small, but at the time of the accident the water was unusually high, while the water in the Allegheny river near by, into which it flowed, was low. This condition caused a very rapid current in the creek, and a strong pressure on one side of the bridge. The whole structure, including the abutments and pier, was carried away,

and a freight car loaded with cement was carried seventy-five yards down the stream. The bridge had been used by the defendant for forty years, and there was no evidence of defective construction, or that the bridge had become unsafe.

The contention that the burden of disproving negligence was on the defendant cannot be sustained. The maxim res ipsa loquitur is an exception to the general rule that negligence is not to be inferred, but must be affirmatively proved except in cases of absolute duty or an obligation practically amounting to that of an insurer: Stearns v. Ontario Spinning Co., 184 Pa. 519; East End Oil Co. v. Penna. Torpedo Co., 190 Pa. 350. There was nothing in the circumstances that amounted to evidence from which negligence could be inferred and that relieved the plaintiff from the burden of proof. An offer was made to prove by a witness that he had made an investigation to ascertain whether the bridge had a substantial foundation and had found that there was "no permanent foundation upon the location that had been lately occupied by the pier." The accident occurred in March. This witness had testified that because of the high water no examination could be made for several weeks after the accident, and the examination he made was in August, five months later, and that in the meantime there had been a change in the physical conditions by the action of the water, by the rebuilding of the bridge, and the dumping of stones in the bed of the stream. This offer was excluded. It was renewed with the addition that there had been no change in the conditions, as far as the foundations were concerned, between March and August. The second offer was excluded for the reason that the testimony would be inadequate to establish a defect in original construction. The ruling of the court on the offer as first made was clearly right, and we cannot say that the exclusion of the offer as finally made calls for a reversal. The witness had testified to facts which showed that the result of his examination in August could not be relied on as proof of the condition existing before the fall of the bridge and, if his testimony had come up to the offer, it would not have advanced the plaintiff's case. It would still have been barren of proof that the foundations which had

withstood the floods of forty years were defective, and that the fall of the bridge resulted from their giving away.

The judgment is affirmed.