## Laing, Appellant, *v.* Remington Arms Co.

*Negligence—Fall of stringer—Evidence.*

In an action to recover damages for personal injuries judgment for defendant n. o. v. is properly entered, where the evidence shows that plaintiff, while working as an employee of a contractor on the premises of defendant, was hit on the head by a falling stringer, without any evidence whatever as to what caused its fall.

Argued Feb. 10, 1919. Appeal, No. 245, Jan. T., 1919, by plaintiff, from judgment of C. P. Delaware Co., March T., 1917, No. 195, for defendant n. o. v. in case of Thomas W. Laing v. Remington Arms Company. Before BROWN, C. J., STEWART, FRAZER, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BROOMALL, J.

At the trial it appeared that at the time of the accident, plaintiff was employed as a workman by Wm. M. Anderson, an independent contractor, doing work for the defendant. Plaintiff was hit on the head by a falling stringer.

Verdict was rendered for plaintiff for $7,557.  Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*J. DeHaven Ledward,* with him *J. Morris Yeakle,* for appellant.

*Wm. I. Schaffer,* with him *Arthur L. Reeser,* for appellee.

PER CURIAM, March 10, 1919:

This judgment is affirmed on the following from the opinion of the learned court below entering it for the defendant non obstante veredicto: "In the case in hand there is no proof of the cause of the fall of the stringer.  It was not shown to have been insecurely placed.  To enable it to fall it must have been removed from its moorings.  This may have been done by some of the workmen at work about it.  This may have been by some of Anderson's men who had the same opportunity as the defendant's workmen.  The suggestion that it may have been dislodged by vibration is in the absence of evidence of the extent and character of the vibration and that the vibration would produce such results mere speculation.  In short we have a case where we have merely the proof of the fall of the object, with no proof of what caused it to fall."

Judgment affirmed.