# Mardo et ux., Appellants, *v.* Valley Smokeless Coal Co.

*Negligence—Fall of tree—Killing of boy—Evidence—Sufficiency of evidence for jury.*

1. It requires something more than the happening of an accident to fix liability on a defendant.

2. Where a boy is killed by the fall of a tree, it must be shown that the owner of the tree knew, or might by reasonable care have known, that it was in a dangerous condition.

3. The fact that there were dead limbs at the top and dead roots at the bottom, while the rest of the tree appeared normal, does not establish negligence.

4. Where the tree fell from no apparent cause, the court cannot charge that the weight of the tree caused its fall. There might have been other causes.

Argued October 19, 1923. Appeal, No. 71, Oct. T., 1923, by plaintiff, from judgment of C. P. Cambria Co., March T., 1921, No. 32, for defendant n. o. v., on verdict for plaintiffs, in case of Steve Mardo et ux. v. Valley Smokeless Coal Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's son. Before REED, P. J., of O. C., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs for $3,506. Judgment n. o. v., for defendant.

*Error assigned* was judgment n. o. v., quoting record.

*John M. Freeman,* of *Watson & Freeman,* with him *Ray Patton Smith, William H. Burd* and *Robert Munroe, 3d,* for appellants.—There was ample evidence from which negligence of defendant could be reasonably inferred, and the court therefore erred in granting defendant's motion for judgment non obstante veredicto: Bastian v. Phila., 180 Pa. 227 Derrick v. Electric Co., 268 Pa. 136; Mountain v. Am. W. G. Co., 263 Pa. 181; Wiles v. Emerson-Brantingham Co., 267 Pa. 47; West Chester & P. R. R. Co. v. McElwee, 67 Pa. 311; Grand Trunk Ry. v. Ives, 144 U. S. 408; Penna. R. R. v. Peters, 116 Pa. 206; Murray v. Frick, 277 Pa. 190; Dougherty v. Transit Co., 257 Pa. 118.

In the Sheets' Case, there was no evidence showing any appearance of decay in the limb before the accident happened, and it is therefore not in point in this case: Sheets v. Electric Rys., 237 Pa. 153.

*Harold B. Beitler,* with him *Charles S. Evans,* for appellee.—The happening of the accident in such a case as this raises no presumption of negligence on the part of defendant: Direnzo v. Pittsburgh B. & I. Wks., 265 Pa. 561; King v. Coal Co., 275 Pa. 369; Lanning v. Ry., 229 Pa. 575.

The case in Pennsylvania nearest in facts to the case now under consideration is Sheets v. Electric Ry. Co., 237 Pa. 153.

The rule caveat emptor applies to a tenant who takes the property "for better or for worse": Levin v. Phila., 277 Pa. 560; Westerberg v. R. R., 142 Pa. 471; Smith v. Ry., 92 Pa. 450; Sullenberger v. Traction Co., 33 Pa. Superior Ct. 12.

OPINION BY MR. JUSTICE KEPHART, January 7, 1924:

Plaintiffs seek to recover from defendant for the death of their minor son, aged eleven, killed as the result of one tree falling against another, causing the latter to fall on the boy as he was playing in the yard. The father was in the employ of the defendant, living in one of its houses at Riverside, near Johnstown, Pa. The trees were on defendant's land, the one that struck the boy being in front of the premises leased to plaintiffs. The statement averred the "roots of the tree had become rotten, unstable and in a dangerous condition, all of which was apparent to the defendant." Plaintiffs recovered a verdict. The court below, on motion of defendant, entered judgment n. o. v.; hence this appeal.

The evidence to sustain the charge of negligence, read in a light most advantageous to plaintiffs, resolving all conflicts in their favor, and giving them the benefit of every fact and inference of fact pertaining to the issues

involved which may be reasonably deduced therefrom (Mountain v. American W. G. Co., 263 Pa. 181; Wiles v. Emerson-Brantingham Co., 267 Pa. 47, 48), is not sufficient to sustain the charge of negligence. It requires something more than the happening of an accident to fix liability on a defendant. Here the burden was on plaintiffs to show the specific act of negligence, or an obviously dangerous condition or circumstance, to support such finding: Direnzo v. Pittsburgh B. & I. Wks., 265 Pa. 561. There should be evidence the limb or tree was materially decayed, in such condition that it could be seen with the observance of ordinary care, or that the exercise of reasonable diligence would have enabled the owner to discover it. Otherwise there must be notice brought home to him.

Here we have a large tree two feet in diameter and fifty feet high, standing some distance from a smaller tree. The large tree fell against the small one, and the latter on the boy. The condition of the larger tree was described by a witness who passed it daily as having no leaves on the limbs at the top, while the lower branches had leaves on them. Another witness stated the roots on one side looked as though they were dead. The witnesses did not regard the tree as dangerous; by simply looking at it one would not know or anticipate danger was impending. The roots were exposed above ground, but, as the court below says, it is a common sight to see sugar maples with some dead limbs and exposed dead roots. These roots are often to be seen around the trunk, extending a distance of two or three feet, and yet such a tree is not necessarily in a dangerous condition. Moreover, there is not a particle of evidence that it gave way on the side where the dead roots were.

The tree, which had stood for many years, fell from no apparent cause; there was scarcely any breeze at the time. Plaintiffs asked the trial judge to instruct the jury to find that the weight of the tree caused the fall; this would be mere speculation as to cause. It might

have been due to the ground underneath, to a shock received at some former time, or some outside agency for which defendant would in no way be responsible. Though only a relatively small portion of the earth was disturbed, that would be of no significance, as the cause of falling may have made that possible.

There is no evidence to charge defendant with knowledge of the tree's condition; no reports were made or other steps taken to warn defendant, though both plaintiffs saw the condition more than a month before the accident. An ordinary observation would not reveal anything unusual; plaintiffs' witnesses testified they did not believe there was any danger. There was nothing to put defendant on inquiry or cause a more diligent inspection. Indeed, there is no claim an inspection was not made; defendant had cleared away all trees showing signs of danger.

The reasoning in the case of Sheets v. Sunbury & Northumberland Electric Ry. Co., 237 Pa. 153, is apposite. There plaintiff was injured by a limb which fell from an oak tree. The opinion of the lower court, adopted here, states: "Of course, the decayed condition was obvious after it had fallen, but there is not a scintilla of testimony tending to show that such condition was observable while it was attached to the tree; nor is there any evidence from which such inference could have been drawn. The question of the defendant's negligence in that regard is to be determined, not by what was discovered in the limb after the fall, but by what it did or omitted to do before the accident, and the uncontradicted testimony of several witnesses establishes the fact that, on examination made by them from the ground the day before the accident, there was no observable appearance of unsoundness in the limb; that it, in fact, then had a sound and healthy appearance. Likewise, the special finding as to the method of inspection employed was absolutely without evidence to support it. And what other or different method should the defend-

ant have adopted? The only other we can conceive of would have been by climbing the tree for the purpose of examination. But why require that the tree be mounted for such purpose when the limb appeared to be healthy and strong? If it were defendant's duty to employ such method of examination for this particular limb, then in order to protect itself from the charge of negligence it would be obliged to climb every tree and inspect every limb thereon, it matters not how healthy or strong might be its appearance upon inspection from the ground. This in our judgment would be an unreasonable requirement and would impose upon the defendant a greater degree of care under the circumstances than it was required to observe." See Lanning v. Pittsburgh Rys. Co., 229 Pa. 575, 578; Reese v. Clark, 146 Pa. 465; King v. Miller Coal Co., 275 Pa. 369. So, too, leaves on the tree below some bare top branches would not indicate an unsound tree.

Cases cited by appellant do not apply for the reason their facts do not resemble those at bar.

Judgment affirmed.