## Thorndike v. Buena Vista Springs Hotel Company.

*Negligence—Decayed tree falling over road.*

1. Where a decayed tree standing on the ground of the defendant falls over a road leading to defendant's hotel and injures plaintiff passing over the road toward the hotel in an automobile, a non-suit entered at the time of trial will not be stricken off.

2. It is not negligence for an owner to permit a dead tree to stand near a road on his property where there is nothing to indicate that it is decayed or is in danger of falling.

Motion to remove non-suit. C. P. Franklin Co., Oct. T., 1924, No. 123.

*Edwin D. Strite,* for motion; *Ruthrauff & Nicklas,* contra.

GILLAN, P. J., Nov. 24, 1925.—The defendant maintains and operates a hotel in Washington Township in this county. Said hotel is located on the side of the mountain. It is surrounded by woodland and forest trees on the lands of the defendant. The drives or roads by which said hotel can be reached by those driving the same run from different directions toward the hotel. No one can reach the hotel by driving except by passing over one of these roads leading to it. Trees, of course, stand along these highways. On Aug. 8, 1923, the plaintiff, together with some friends, was driving on one of these roads by automobile. They had not been, nor were they then, guests at the hotel. They intended to apply for accommodation at the hotel and become guests there if received. The day was clear and calm. Suddenly, without any warning whatever, a tree standing on the lands of the defendant fell across the highway, struck the automobile in which the defendant and his friends were seated, damaged the car and injured the plaintiff, who was the owner of the car and who was at the time driving. The plaintiff has brought this action to recover from the hotel company damages to compensate him for the injuries he suffered and the loss of his machine. He charges that the accident which occured to him was caused by negligence of the defendant. At the close of the plaintiff's testimony the court entered a non-suit, and we now have this motion to remove that non-suit.

The tree which fell was about thirty feet in height and stood ten feet from the edge of the highway on which the plaintiff was driving. It was a dead tree. The tree broke about six feet from the ground. At the place where it broke it was ten inches in diameter. After it had fallen it was found that the stump was partly hollow, that an insect, presumably a wasp, had bored into it. There was nothing before the fall to indicate that wasps had bored into it or that the tree was partly hollow or decayed. It was covered with bark. There was no evidence before us from which a jury could find that an examination of the tree before the fall would have revealed any defect or decay in it. It was argued by the plaintiff that, as the tree was dead, it was, therefore, knowingly likely to fall, and it was the duty of the defendant to remove the tree, simply because it was dead. We cannot agree that the death of a tree renders it dangerous and unsafe for persons to be under it or near it. Any one who has knowledge of timber or trees or timber lands knows very well that a dead tree is not, simply because it is dead, any more likely to fall than a living tree.

The defendant, by opening the road and maintaining the hotel and place of accommodation, invited the public to enter and travel upon that road. They did not by that become guarantors of their safety. They owed to the public ordinary care. Of course, it is the duty to them to remove from that road or

Thorndike v. Buena Vista Springs Hotel Company.

the sides of it any or all obstructions which by ordinary means they could determine might likely fall on those traveling there. They were not bound to make a microscopic examination of each tree to ascertain its condition. As was said by the Supreme Court in Sheets v. Sunbury & Northumberland Electric Ry. Co., 237 Pa. 153: "The decayed condition was obvious after it had fallen, but there is not a scintilla of testimony tending to show that such condition was observable while it was attached to the tree"—we are speaking of a limb—"nor is there any evidence from which such inference could have been drawn. The question of the defendant's negligence in that regard is to be determined, not by what was discovered in the limb after the fall, but by what it did or omitted to do before the accident, and the uncontradicted testimony of several witnesses establishes the fact that, upon an examination made by them from the ground the day before the accident, there was no observable appearance of unsoundness in the limb; that it, in fact, then had a sound and healthy appearance." In that case the plaintiff, while attending a show or picnic at Island Park, was standing under a tree when a limb fell and struck him and seriously injured him. The question was one simply of negligence. It was testified that the limb was found after the accident to be spongy and decayed. The court entered judgment for the defendant notwithstanding a verdict for the plaintiff, and on the opinion of the court below, judgment was affirmed.

It seems to us that, so far as authorities in Pennsylvania are concerned, the case above cited must rule this case. We recognize the fact that in other jurisdictions there have been cases which would seem to be otherwise; but we are governed by Pennsylvania law as expressed by our court of last resort, and we are not to follow cases in other jurisdictions differing from those as held by our courts. It is contended by the defendant that this case is ruled by Norristown v. Moyer, 67 Pa. 355. In that case, as well as some other cases in the books, it is shown that the pole which fell was standing on the public highway and was, therefore, a nuisance. It was not put there by nature. It was allowed to stand in a street over which the Borough of Norristown had charge and for which they were responsible for a great many years until it fell because of its decay. That, it seems to us, is quite different from a tree which nature provided and which showed no signs of decay.

In the case of Mardo v. Valley Smokeless Coal Co., 279 Pa. 209, where a boy was killed by a tree falling on him, it is said by Justice Kephart, speaking for the court: "There is no evidence to charge the defendant with knowledge of the tree's condition; no reports were made or other steps taken to warn the defendant. . . . An ordinary observation would not reveal anything unusual. There was nothing to put the defendant on inquiry or cause a more diligent inspection." In that case a verdict was rendered for the plaintiff and judgment entered for the defendant notwithstanding the verdict.

Many other cases in our own State might be cited to sustain the action of the court in entering this non-suit. It was a very unfortunate accident. The plaintiff suffered much loss and misery. We cannot, on this evidence, see how he can be compensated by this defendant, or that the defendant is responsible for his injuries. The matter was very ably presented by the learned young counsel for the plaintiff. We know very well how prone juries are in cases like this to give verdicts for the plaintiff. We deem it to be the duty of the courts in such cases as this to adhere strictly to the principles of law as found in our books. Believing we have done this, the motion to remove the non-suit is denied.

From King Alexander, Chambersburg, Pa.