## CHALMERS v. KOLB.

(District Court, E. D. Pennsylvania. December 31, 1925.)

No. 10558.

1. Landlord and tenant ⟨Key⟩118(1)—Occupant of farm, not paying rent, held mere tenant at will.

Occupant of farm, not paying rent, *held* mere tenant at will.

2. Landlord and tenant ⟨Key⟩167(8)—Person on defendant's farm by invitation of tenant at will held mere invitee, entitled merely to ordinary care to prevent injury.

Person, who for her own pleasure accepted invitation to stop at home of defendant's tenant at will, was invitee, and it was defendant's duty to use merely ordinary care to prevent injury.

3. Negligence ⟨Key⟩136(14)—Negligence in not discovering condition of tree, injuring invitee by its fall, held insufficient for jury.

Evidence of owner's lack of ordinary care in discovering condition of branch of tree, which fell and killed invitee, *held* insufficient to go to jury.

4. Negligence ⟨Key⟩48—Notice of condition of tree held not implied.

Notice to employee on another farm *held* not notice to owner as to dangerous condition of tree.

At Law. Action by Walter M. Chalmers against Louis J. Kolb. On plaintiff's motion to take off nonsuit. Motion denied.

Maurice W. Sloan and Raymond A. White, both of Philadelphia, Pa., for plaintiff.

William Clarke Mason, of Philadelphia, Pa., for defendant.

Before THOMPSON and DICKINSON, District Judges, sitting in banc.

THOMPSON, District Judge. The plaintiff sued to recover damages for the death of his wife on March 24, 1923, through the alleged negligence of the defendant. The defendant is the owner of a farm known as the Buttonball farm. The house on the adjoining farm, also owned by the defendant, was occupied by his employee, Mr. Nippes.

On the day of the accident, Mrs. Chalmers, who was living in Brooklyn, N. Y., was on her way to visit the wife of Mr. Nippes. The Buttonball farm, upon which the accident occurred, was occupied and farmed by a Mr. Griffing, and the farmhouse occupied by him with his wife, the daughter of Mrs. Nippes, and four children, with the defendant's permission, free of rent, and without agreement as to other terms.

On the morning in question, Mrs. Grif-

fing met Mrs. Chalmers at Ambler station in a Ford car, and, before taking her to the Nippes home, drove into the Buttonball farm, intending, after arriving at the Griffing house, to drive Mrs. Chalmers across the fields to the Nippes farm, on which was the house where her mother lived. While driving along a lane on the Buttonball farm, a large branch of an ash tree fell upon the automobile, causing the death of Mrs. Chalmers. There was no evidence in the case that it was necessary, in order to visit Mrs. Nippes, to drive into the Buttonball farm. [1-3] As the Buttonball farm was occupied and in the possession of Mr. Griffing and his family, and farmed by him, without payment of rent or upon any terms, he was a mere tenant at will of the defendant. Mrs. Chalmers, for her own pleasure, had accepted the invitation of Mrs. Griffing to stop at her house on the Buttonball farm before being taken by her to Mrs. Nippes' house on the adjoining farm. Under these circumstances, she was an invitee of Mrs. Griffing, and there was nothing more than ordinary care required of the defendant to prevent injury to her. The question, then, is whether there was any evidence of want of ordinary care under the circumstances, which should have been submitted to the jury to find the defendant guilty of negligence causing Mrs. Chalmers' death.

. The tree, from which the limb fell, was between the road, being used by the party in the automobile, and a small creek, and was one of a grove of large white ash trees. The place had been used by the children of Mrs. Griffing and other children as a playground; another limb of the tree from which the limb fell having a swing upon it, used by the children in their play. The only witness who testified concerning anything about the appearance of the tree that would attract attention was a Mr. Hartman, who lived upon an adjoining farm. He testified that the tree had been struck by lightning some 10 or 11 years before; that he had noticed for the past 5 years a white streak from the crotch to the ground, but he repeatedly stated that there was nothing about the tree that made him think the branch which caused Mrs. Chalmers' death would fall; that, if he had seen anything that looked dangerous, he would have notified Mrs. Griffing, because he knew her children were in the habit of playing under the tree. There was no evidence that any other persons besides Mr. Hartman had had their attention attracted to the condition of the tree. [4] It was testified that Mr. Nippes fre-

quently walked past the tree; but he was an employee on the other farm, and notice to him would not imply notice to the defendant. It was also testified that Mr. Weddell, the defendant's foreman or superintendent, also frequently walked past the tree. That was the only evidence of notice to any one under the "respondeat superior" rule. It being established in the plaintiff's case that the white streak had not attracted the attention of the witness as indicative of an unsafe condition, the plaintiff had not shown any lack of ordinary care on the part of Mr. Kolb in coming to a different conclusion.

There was evidence in the case that Mrs. Chalmers had occupied the Buttonball farmhouse two years before the accident as caretaker for the children who played under the tree. It was also testified that Mrs. Chalmers had paid a visit to Mrs. Griffing on Buttonball farm for two weeks during the summer preceding her death. If the defect in the tree was obvious to Mr. Hartman, then it was also obvious to Mrs. Chalmers. The plaintiff failed to establish want of ordinary care on the part of the defendant or his foreman which would make him liable for the accident. It has not been shown that he knew, or by the exercise of reasonable care might have known, that it was in a dangerous condition. Mardo v. Valley Smokeless Coal Co., 279 Pa. 209, 123 A. 779.

The motion to take off the nonsuit is therefore denied.