## Gins v. Hoffman.

*John Duggan, Jr.*, for plaintiff; *N. W. Rosenberg*, for defendant.

HENDERSON, J., May 7, 1929.—The action in this case is in trespass for damages on account of personal injuries to Dorothy Gins, a minor; the jury returned a verdict for the defendant. A motion for a new trial was filed by the plaintiff, alleging several reasons, which in reality narrow down to two questions: (1) Was the verdict for the defendant supported by the evidence; and (2) was there an error in the charge of the court?

On March 31, 1927, Dorothy Gins, age ten years, a daughter of the plaintiff, Solomon C. Gins, was on her way from school in Belle Vernon, going west down State Street, which is rather steep, and walking on the sidewalk on the southern side of said street. At the same time an automobile belonging to the defendant, in charge of one of his employees, was being operated up State Street, and had reached a point along said street near the intersection of State Street and Market Street, when the automobile suddenly stopped and started backwards down the hill. It ran backwards a short distance and struck the curb along the brick sidewalk in front of the residence of a Mr. Vance, running up over the curb and on to the sidewalk, and struck the little girl, Dorothy Gins, who was on the sidewalk, crushing her against a stone wall along the inside of the sidewalk, where the automobile was stopped. The little girl was seriously injured. On behalf of the plaintiff, it was testified that the driver of the automobile, prior to starting up State Street, which is a very steep grade, stated to five young men, who had been employed by the defendant to assist the driver in the distribution of handbills, that the brakes were not good or working well; it was also shown by the plaintiff that there was a pounding noise in the rear portion of the automobile as it was traveling up State Street, and that just before the car started backwards, there was a noise like a "klink," as though something had let loose. Plaintiff further proved that after the accident the automobile was examined while at the scene of the accident, and that neither the foot nor the emergency brake would operate. On the part of the defendant, it was testified that the automobile was in good mechanical condition, in daily use, regularly repaired, and that it was being operated by a competent chauffeur; that the brakes were in good condition, and, as far as known, there was no mechanical defect in the automobile. Mr. Lawrence Yant, an automobile mechanic at Roley's garage in Belle Vernon, took the car from the sidewalk to his garage, towing it in shortly after the accident, and, on an examination, discovered that the damage to the car consisted in the universal joint being twisted off and the upper half of the torque arm broken, and that when the universal joint and the torque arm were repaired, the brakes were in·good shape and the car was all right. It was shown that this particular type of automobile was so constructed that when the universal joint was twisted off and the torque arm broken, no power could be transmitted from the engine to the rear axle, and that the brakes are all thrown out of commission, so that there is no control

over the movements of the automobile, either by the motor or by the brakes. The mechanism of the car and its operation and control were very minutely and at length explained by the witness to the jury. He said that with these parts broken, the driver of the automobile could have no control whatever over the car after the break occurred, except by the steering. Mr. Curry, the driver of the automobile, testified that the car operated well and that he started up State Street in low gear, State Street being very steep and rough, and that when near the intersection of Market Street he felt a jerk, as though something had let loose, and the car started back down the hill, its motor still running; that he attempted to hold it with his brakes, but they would not work, and that the car hit the curb and the little girl on the sidewalk before he could get it stopped. The contention of the defense was that it was an unavoidable accident and that the driver did all that he could to control the car in the sudden and unexpected danger which arose, and used his best judgment under the circumstances.

The statement of claim alleged that the injuries to the little girl were caused by the negligence, carelessness and recklessness of the defendant in failing to use the said roadway in a legal, careful and prudent manner; in failing to keep the car in the roadway and in driving it upon the sidewalk; in failing to have the motor-vehicle under proper control; in failing to have the brakes and other mechanism controlling the car in proper and safe condition; in failing to employ proper, suitable and competent help or assistance to properly examine and repair said automobile, and negligently backing said motor-vehicle from its proper place in the roadway on to the sidewalk without warning. The case was tried upon the theory that it was one of ordinary negligence, to which the defense of unavoidable accident was set up. The plaintiff, in addition to proving the accident, undertook to prove that the accident was caused by the negligence of the defendant, or his employee, and that such negligence was the direct cause of the injury. The jury accepted the version of the defense and found for the defendant. It is now claimed (first) that the verdict is unsupported by the evidence. Upon the theory on which the case was tried, it was a question for the jury, and on consideration of all the evidence in the case, we are not able to say that the verdict is unsupported by the evidence. The testimony of the driver of the automobile, supported as it is by the testimony of Mr. Yant, would be sufficient to sustain the contention of the defendant, if believed. The explanation of the damage to the automobile and of the mechanism and working of the parts of the automobile, as given by the witness, Yant, is perfectly consistent with the contention of the defendant, and we have no doubt was a controlling factor in the jury's verdict. We could not grant a new trial for the reason that the verdict is unsupported by the evidence.

It is also claimed now that the court was in error in its charge, in not applying the doctrine of *res ipsa loquitur* to the case. If the doctrine of *res ipsa loquitur* does not arise under the facts as testified, then the charge of the court is correct. The plaintiff submitted no points for special instructions or requests for charge, and at the close of the charge of the court, the following colloquy took place:

The Court: Has counsel on either side any requests for further instructions?

Mr. Duggan: Not particularly, Your Honor, as to the law, but I would like Your Honor to call the attention of the jury to the testimony of the doctors that the plate which is now in the leg of Dorothy Gins will in all probability require removal, and that they should take into consideration in making up their verdict.

Mr. Rosenberg: I have no objection to that, providing the jury find that the plaintiff should recover.

The court then instructed the jury as to the matter embraced in that request. The plaintiff now complains that the trial judge was guilty of error for having failed to say something to the jury which he was not requested to say. The case was submitted by the trial judge in the charge on the theory that it was one of ordinary negligence, one in which no presumption of negligence arose from the happening of the accident, and that the plaintiff carried the burden of showing negligence. Having invited requests or suggestions from counsel at the end of the charge, and plaintiff, neither complaining of the inadequacy here urged nor submitting requests for instructions as to the law different from that given by the trial judge, we might, under the case of Gillett v. Yellow Cab Co., 87 Pa. Superior Ct. 365, justify the refusal of the motion for this reason.

On the whole case, we are of the opinion that the doctrine of *res ipsa loquitur* does not apply to the facts in this case, but that it is a case of simple negligence and was tried upon the correct theory. The application of the doctrine of *res ipsa loquitur* in Pennsylvania has been confined to cases where there is an absolute duty or obligation amounting practically to that of an insurer. The rule is stated by Mr. Justice Kephart in the case of Fitzpatrick v. Penfield, 267 Pa. 564, as follows: "It is a well-known principle that negligence is never presumed, and, generally speaking, it must be affirmatively shown, except where there is an absolute duty or an obligation amounting practically to that of an insurer, when the maxim [*res ipsa loquitur*] expresses the law: Johns v. Pennsylvania R. R. Co., 226 Pa. 319; Zahniser v. Pennsylvania Torpedo Co., 190 Pa. 350."

The driver of an automobile truck occupies no such contractual relation to the plaintiff as does the carrier or the owner of an elevator. It is common knowledge that automobiles sometimes get out of control without the driver's fault; some part of the mechanism of the car may break without any fault on the part of the driver. His car may even be deflected from the roadway without any fault on his part. In traveling along the highway or street, he is not an insurer to those using the sidewalk that some accident will not happen to his car. If, perchance, it was to leave the highway or street and strike one on the sidewalk, where the automobile ordinarily had no right to be, slight evidence perhaps of the negligence of the driver of the automobile would be sufficient to justify a recovery. And so, the backing of the car on the steep part of State Street may have occurred without fault of the operator of the car, and the backing of the car may have continued without fault of the operator up until the time it struck the curb and crossed the sidewalk to the stone wall. It may have been due to either a partial or complete loss of control of the car under the circumstances, not necessarily amounting to negligence, as was claimed in this case. In order to make the doctrine of *res ipsa loquitur* apply, it must be held that the act of the car in backing suddenly down State Street implied negligence. This it does not necessarily do, as it is a well-known fact that the mechanism of cars or automobiles may break without any negligence whatever, as far as controlling the movements of the car is concerned, as was shown in this case. The circumstances here are not free from dispute, and even if it be held that the thing which caused the accident was under the exclusive control of the defendant or his agent, yet it is not true that the accident would not have happened if the defendant or his agent had used proper care, because it can be accounted for upon a theory other than that of negligence or want of care. The breaking of the universal joint and the torque arm could happen without any negligence on the part of the defendant or the driver; accidents of that kind are liable to

happen at any time. The most that the facts here could justify would be an inference of negligence. Even in this class of cases, the mere happening of the accident does not raise the presumption of negligence, as negligence is not presumed, but the circumstances may be such that they amount to evidence from which it may be inferred: Durning v. Hyman, 286 Pa. 376.,

On the whole, we are of the opinion that the case was properly tried and submitted to the jury, and that no legal reason has been shown why a new trial should be granted.