## Simko, Appellant, v. Bell Telephone Company of Pennsylvania.

Argued January 9, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

540

*Samuel B. Brenner,* with him *Harry N. Brenner,* of *Brenner & Brenner,* for appellant.

*Charles E. Kenworthey* and *Benjamin O. Frick,* for appellee, were not heard.

PER CURIAM, March 25, 1935:

On the morning of December 25, 1931, plaintiff, while walking north on the west side of south Second Street, Philadelphia, was struck by a ladder which fell from the roof of a one-story building, No. 852 of that street. The testimony discloses the premises were at the time untenanted and that one Purul, a carpenter, owner of the ladder, had been for some time previously engaged in making repairs to the building. When last seen the ladder was standing against the wall of the three-story adjoining building, about a foot and a half from the edge of the roof. Two days before the accident, according to Purul's testimony, employees of defendant company had used the ladder in making repairs to its wires, and in so doing had changed its location slightly toward the edge of the roof. The record fails to disclose the presence of any person on the roof at the time of the accident or during the previous two days. The court below entered a compulsory nonsuit, which the court in banc later refused to take off.

The lower court based its action on failure of plaintiff to show negligence on the part of defendant, and in its opinion says:

"There is no evidence as to what caused the ladder to fall. Evidence was offered that there was some wind but there was no evidence as to its direction, or that it in any way affected the ladder. Plaintiff's witness, Bliss, of the weather bureau, testified it would be impossible to determine that. The plaintiff argued that vibration from trucks passing in the street might have caused the fall. But as there was no evidence of the extent or character of any such vibration or that the vibration would produce such results, this suggestion is mere speculation: Laing v. Remington Arms Co., 264 Pa. 130. There is no evidence that the position in which defendant's employee left the ladder was any less secure than that in which he found it or that the ladder was in a position from which it was more apt to fall into the street."

An examination of the record fully sustains the conclusion reached by the lower court.

Judgment affirmed.