## Hartman *v.* Miller, Appellant.

Argued October 4, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*G. A. Troutman*, with him *J. W. McWilliams*, of *McWilliams, Wagoner & Troutman*, for appellant.

*H. Rook Goshorn*, with him *Frank R. Ambler*, for appellee.

OPINION BY PARKER, J.:

This is an action by a business visitor against the owner of a building brought to recover damages for personal injuries. The case was submitted to a jury which found a verdict for the plaintiff. The defendant filed a motion for judgment n. o. v. and plaintiff filed a motion for a new trial. Defendant's motion was refused and plaintiff's motion for a new trial was granted on the sole ground that the verdict was inadequate. Defendant has appealed. We are of the opinion that judgment should be entered for the defendant.

The plaintiff, a salesman, was sitting in a waiting room in defendant's place of business, expecting to interview the defendant and sell him goods, when a glass sash in an inside partition fell upon plaintiff's head and injured him. The sash, consisting of a frame and heavy glass weighing about thirty pounds, had been located in the upper portion of a partition which separated the waiting room from a private office.

It is clear that plaintiff was a business visitor or invitee who was on the premises for a purpose connected with his own business and indirectly connected with the business of the defendant: Restatement, Torts, §332. It follows that the defendant owed to the plaintiff the affirmative duty of keeping his premises reasonably safe for business visitors such as plaintiff and of giving warning of any failure to maintain them in that condition: *Kulka v. Nemirovsky*, 314 Pa. 134, 139, 170 A. 261; *Vetter v. Great A. & P. Tea Co.*, 322 Pa. 449, 185 A. 613; *Cathcart v. Sears, Roebuck & Co.*, 120 Pa. Superior Ct. 531, 183 A. 113. He is liable for bodily

harm caused to the visitor only if "he knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to" the visitor: Restatement, Torts, §343 a. The Supreme Court and this court have frequently permitted a recovery by a business visitor for injuries caused by a condition unknown to the possessor but which was discoverable by the possessor by a reasonable inspection: *Robb v. Niles-Bement-Pond Co.*, 269 Pa. 298, 112 A. 459; *Durning v. Hyman*, 286 Pa. 376, 380, 133 A. 568; *Docheney v. Penna. R. R. Co.*, 317 Pa. 129, 176 A. 5; *Coxey v. Guala*, 112 Pa. Superior Ct. 460, 171 A. 484. But a possessor of land is not liable to a business visitor for a dangerous condition which would not have been disclosed by a reasonably careful inspection even though no such inspection has been made: *Lentz v. Allentown Bobbin Works*, 291 Pa. 526, 529, 140 A. 541; *Nettis v. General Tire Co.*, 317 Pa. 204, 177 A. 39. He is not an insurer.

The unexplained falling of an object is not sufficient to render the defendant liable for negligence: *Wolk v. Pittsburgh Hotels Co.*, 284 Pa. 545, 131 A. 537; *Kehres v. Stuempfle*, 288 Pa. 534, 539, 136 A. 794; *Fleccia v. Atkins*, 270 Pa. 573, 113 A. 842; *Laing v. Remington Arms Co.*, 264 Pa. 130, 107 A. 633.

No one who was present at the time of the accident or who knew the condition of the sash at that time gave any explanation for the falling of the object. One of the plaintiff's witnesses who saw the accident said there was "nothing of any unusual character at all to attract your [his] attention" and that he did not know "what caused the window to fall." To show lack of care on the part of the defendant, plaintiff furnished no proof that the defendant had any knowledge of a defective condition or could have discovered such defects by a reasonable inspection of the sash, but relied solely upon the testimony of Tyler M. Gibbs, a construction engineer, who, three months after the acci-

dent, examined the opening in which the window had been and a sash which someone on defendant's premises said was the sash in question. That witness testified that when he examined the location he found the opening was fifty inches in height and thirty inches in width; that the window pivoted on two bolts, one in the top of the frame and the other in the bottom and there were sockets to receive the bolts in the middle of the top and bottom of the sash. At that time the lower bolt was missing but the witness could not say whether it was "torn out or removed or what." He did not testify to any wearing of the parts, rotten wood, ancient construction or any other condition that would account for the fall or would suggest that an inspection would have disclosed a defect. He did testify that he did not find any evidence that there had been a catch to hold the window closed or an arm attached to the frame so that when the sash was open it would remain where placed and then gave his opinion that such contrivances, if they had been present, "would have acted as additional safety device[s]" and that "from a safety standpoint they [the windows] were not safely installed" by reason of the absence of such attachments.

Such evidence is insufficient to charge the owner with negligence and particularly was not sufficient to show that an ordinary and reasonable inspection of the premises would have disclosed any defect that called for action on the part of the defendant. This was a window in a room in the interior of a building with no openings to the outside of the building. It was not subjected to the wind pressure of an exterior window or even of one opening into a hall. The witness found no defect in the construction of the pivots or in their condition. He gave no facts from which it could be inferred that an ordinary and reasonable inspection would have disclosed a wearing away or any other defect. His statement that a catch would have afforded additional protection has little to support it. If the

window was closed there would be more pressure on it than if it swung open with a little draft and there was no evidence that any swinging that had taken place had worn or loosened any of the parts. Three months after the accident the bolt was missing but that bolt may have been taken out when a cardboard was placed where the sash had been.

Plaintiff, in fact, does not rely upon defective construction but rather upon failure to attach a so-called safety device. The defendant was not bound to install every conceivable safety device: *Jacob v. Pittsburgh*, 330 Pa. 587, 198 A. 639. The expert called attention to the fact that transoms installed by him or by his direction were provided with these appliances. This furnished no evidence of negligence for transoms are not of a similar construction as they usually pivot from the sides and it is a well known fact that the attachment is generally intended to facilitate the opening and closing of the windows. Even "customary methods or conduct do not furnish a test which is conclusive or controlling on the question of negligence, or fix a standard by which negligence is to be gaged. The standard of due care is such care as a prudent person would exercise under the circumstances of the particular case, and conformity to customary or usual conduct or methods cannot amount to more than a circumstance to be considered together with other circumstances of the case in determining whether due care has been exercised": *MacDougall v. Penna. P. & L. Co.*, 311 Pa. 387, 397, 166 A. 589. Not only did the plaintiff fail to show the cause of the fall of the sash but he failed to show anything from which a fair conclusion could be drawn that a reasonable inspection would have disclosed any defect. The conjecture may be that the pin gave way but we do not believe a man of ordinary and reasonable prudence would have taken these windows apart for the purpose of ascertaining their condition in the absence of some

special incident suggesting such a course. Cf. *Doerr v. Rand's et al.*, 340 Pa. 183, 16 A. 2d 377.

The orders are reversed and it is directed that judgment be entered for the defendant.

HIRT, J., dissents.

PER CURIAM, January 30, 1941:

The foregoing opinion was prepared by Judge PARKER before his accession to the Supreme Court. It is now adopted and filed as the opinion of the court.