## Serrao *v.* Levy et al., Appellants.

Argued April 14, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, HIRT and KENWORTHEY, JJ.

*Ward McCullough,* with him *H. A. Heilman,* for appellants.

*E. O. Golden,* with him *Robert E. Ashe,* for appellees.

OPINION BY BALDRIGE, J., July 23, 1942:

This appeal is from a judgment obtained by the plaintiff in an action of trespass brought to recover for injuries sustained in slipping and falling in the vestibule or entrance of defendants' store.

The appellants' two assignments of error complain of the court's failure to grant their request for binding instructions and thereafter in not granting their motion for judgment n. o. v. They contend that the plaintiff did not prove (a) notice, either express or constructive, of any alleged slippery condition of the entrance to their store, or (b) any negligence on their part.

Dominic Serrao the plaintiff, 53 years of age, on January 26, 1939, patronized defendants' store and was leaving about 4:30 P.M. through a vestibule which has a slight elevation of 3 inches from the street to the doorway, and is 5½ feet long, 6 feet wide at the sidewalk and 3 feet at the doorway. Its concrete surface was covered almost completely with a heavy rubber mat with brass stripped edges. Underneath the mat air and water had accumulated causing ridges to a height of 2 inches. On top of the mat there was ice and snow concealed by a coating of black ashes tracked in by

customers from the icy sidewalk where they had been sprinkled by the defendants.

Owing to a defective rainspout above this entrance water from melting ice and snow on a warm roof fell a distance of 25 feet onto the sidewalk directly in front of this store entrance, and splashed into the vestibule where ice formed in cold weather, which prevailed the day plaintiff fell.

According to the plaintiff's testimony, and witnesses called in his behalf, he slipped and fell on the ice about the middle of the vestibule. An employe of the defendants testified that immediately after the accident he was sent out by the defendants' manager to chop the ice from the floor of this approach to the store. Another employe stated that he had cleared the ice from the floor of this entrance serveral times that morning. The last time was about 4 or 5 hours before the plaintiff fell. The defendants' manager admitted the defective condition of the spouting had existed for 2 years prior to the accident and that water on occasions splashed into the vestibule and froze. There was ample evidence to establish that in this approach to the store there was an icy, slippery condition concealed by black ashes which created a dangerous condition of which the defendants had ample notice, both express and constructive.

It was appellants' affirmative duty to maintain the premises in a reasonably safe condition so that customers and other invitees would be protected from harm: *Flora et ux. v. Great A. & P. Tea Co.*, 330 Pa. 166 and cases cited page 169, 198 A. 663; *Markman v. Bell Stores Co.*, 285 Pa. 378, 382, 132 A. 178; *Vetter v. Great A. & P. Tea Co.*, 322 Pa. 449, 185 A. 613; *Hartman v. Miller*, 143 Pa. Superior Ct. 143, 145, 17 A. 2d 652.

Whether the defendants discharged their legal obligation was for the jury to determine. We find no reason to disturb the verdict.

Judgment is affirmed.