69 So.2d 340 (1954)
HEPS et al.
v.
BURDINE'S, Inc.
Supreme Court of Florida. Division A.
January 5, 1954.
*341 Jack M. Fink, Miami, for appellants.
Dixon, DeJarnette & Bradford and Reginald L. Williams, Miami, for appellee.
TERRELL, Justice.
Appellee is the owner and operator of a large department store in Miami. The amended complaint alleges that in October 1949, appellant was a customer in said store and stepped on an escalator to be transported from the fourth to the third floor, that a third person with a stroller in which there was a child stepped on the escalator to appellant's rear, that as the escalator moved the stroller was pushed against or struck the plaintiff knocking her over and catapulting her downward against the escalator causing her bodily injuries. The amended complaint further alleges that the escalator was not constructed to accommodate strollers, that in permitting them to be conveyed on it defendant created a dangerous and hazardous condition. A motion to dismiss the amended complaint was granted and final judgment was awarded defendant. The plaintiff has appealed from that judgment.
The point for determination is whether or not the trial court committed error in granting the motion to dismiss the amended complaint, accompanied by a final judgment for defendant.
The answer to the question turns on whether or not defendant was negligent in not keeping attendants standing by to see that no one got on the escalator with a stroller or in not posting signs to forbid the use of the escalator by persons with a stroller. It is alleged that at the time of the accident, the store was crowded with customers, that the escalator was crowded with passengers who were unruly, that they were shoving and pushing each other, that the escalator was not constructed to accommodate strollers and was not intended for conveying such luggage. It is not charged that the escalator was improperly constructed, that it did not move in perfect order, that it was improperly operated or that for other reasons it was negligently constructed or operated so as to prove it to be unsafe and dangerous. The whole theory of the amended complaint is that it was not properly guarded, and that defendant knew or should have known that it was unsafe for transporting strollers. So far as the record discloses it was being operated in a normal or routine manner when the accident occurred.
For every wrong there is a remedy, is one of the first principles of hornbook law that confronts the law student, but with it is the equally important principle that the remedy be sought against the negligent party. It may be that the person who stepped on the escalator with the stroller manipulated it negligently, but that question is not before us. The allegations of negligence go to the lack of attendants to restrict those using the escalator and to guard their conduct while being conveyed on it. We are not convinced that under the circumstances a case was made against defendant as to either charge.
The law always follows, it never precedes that which the public deems to be a felt necessity for it. It is common practice for mothers to convey their babies in strollers along the streets, into stores and public places. If one trips or falls over them due to negligence of the mother, he could not recover against the city or the owner of the building, absent peculiar circumstances that would make the accused a joint tort feasor. The record in this case is devoid of any such peculiar circumstances. The point is that the owner of a public building may not necessarily be held liable for injury to a customer or spectator therein because he happened to be present when the lightning strikes. It must be shown that the owner negligently failed *342 where the law, custom, or innate danger requires diligence.
There is nothing inherently dangerous about a mother conveying her child in a stroller, along the street, through a public building or down an escalator and we do not yet require that injury from such an operation will be anticipated by the proprietors of the building. The use of escalators in large stores is common practice and we indulge the presumption that those who use them will conduct themselves as ladies and gentlemen, and so long as they do this, we do not require the presence of attendants to determine who shall ride them or who shall not be permitted to do so.
We do not take issue with the current suggestion that old fashioned courtesy is a lost art, that knighthood is a fading memory or that there is something "nutty" about one who dares display the Sir Walter Raleigh brand of chivalry, but even so, we have not reached the point that we impose a penalty on one in business for delicts resulting from the crude manners, rude conduct, and total disregard of the feelings of others exhibited by customers in his place of business. Courtesy and good manners are not yet ritualistic even if a more sensitive response to them would improve our cultural pattern. The mere fact that one is injured in a public place is not enough to fix responsibility for a cause of action. The person injured must point out and bring his action against the one who caused the injury.
Escalators, like turnstiles, revolving or swinging doors, and other equipment for buildings and places where the public is invited, are considered necessary and standard equipment for the dispatch of crowds and the owners are not required to guard them with attendants or to anticipate that one customer will without cause assault another in their operation. The same rule applies to common carriers when such devices are brought in question. Rich v. Boston Elevated Ry. Co., 316 Mass. 615, 55 N.E.2d 953; Feith v. Kresge Department Store Corp., 114 N.J.L. 286, 176 A. 386; Weinstein v. R.H. Macy and Company, 163 Misc. 61, 296 N.Y.S. 341; Jacob v. City of Pittsburg, 330 Pa. 587, 198 A. 639; O'Neill v. S.S. Kresge Company, 317 Mass. 768, 58 N.E.2d 247; Andrews v. Narber, Fla., 59 So.2d 869; Miller v. Shull, Fla., 48 So.2d 521 and Foley v. Hialeah Race Course, Fla., 53 So.2d 771.
The judgment appealed from is therefore affirmed.
Affirmed.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.