FERGUSON, Judge
(dissenting).
As a general rule the owner of a public building is not liable for injury to an invitee just because that invitee happened to be on the premises when injured by the actions of another invitee; in order for the owner to be liable “[i]t must be shown that the owner negligently failed where the law, custom, or innate danger requires diligence.” Heps v. Burdine’s, Inc., 69 So.2d 340, 341-42 (Fla.1954).
Conspicuously absent from the otherwise lucid majority opinion is a discussion of a specific duty owed to Mr. Lederer, breached by Forte Towers, which caused Mr. Led-erer’s injuries.[1] The owner of the offending vehicle testified that he is a nurses’ aide who takes care of a tenant in the building and that on the day of the accident he (1) drove his car up the ramp, parked in an open parking spot, and locked the car as he had done in the past, (2) left the car with the transmission in the park position and the hand brake engaged, (3) returned to the parking spot two hours later to learn that the car had rolled backwards striking Mr. Lederer.
If an inclined parking area does pose an innate danger it is the product of a design or engineering flaw for which others might be liable. Nevertheless, due diligence would require no more of the building owner than posting signs warning against parking on the ramps — as was done. Inclined ramps are obvious and commonplace features of hotel and apartment building entryways, and the law has never imposed upon the owner of such buildings an impractical burden to park, or to inspect after parking, all vehicles driven by invitees onto the premises.
A directed verdict should have been entered for the defendant.

.In note two the majority cites a Florida Landlord and Tenant statute as imposing the duty which was breached. The provision in question, section 83.51(2)(a), Florida Statutes (1985), provides:
Landlord’s obligation to maintain premises.
******
2(a) Unless otherwise agreed in writing, in addition to the requirements of subsection (1), the landlord of a dwelling unit other than a single-family home or duplex shall, at all times during the tenancy, make reasonable provisions for:
1. The extermination of rats, mice, roaches, ants, wood-destroying organisms, and bedbugs. When vacation of the premises is required for such extermination, the landlord shall not be liable for damages but shall abate the rent.
2. Locks and keys.
3. The clean and safe condition of common areas.
4. Garbage removal and outside receptacles therefor.
5. Heat during winter, running water, and hot water.
Basic rules of statutory construction, including the principle ejusdem generis, see generally Dickerson, The Interpretation of Statutes (1975), militate strongly against a legislative intent to include safe architectural or engineering building design with the landlord's duties to provide for running water, rodent extermination, and garbage removal.